A. TOM ET AL. v. J. D. SAYERS ET AL.

(Case No. 5540.)

1. EVIDENCE — TRESPASS TO TRY TITLE. — In trespass to try title, when title is sought to be deraigned through one to whom the patent issued, as the assignee of another, it is not necessary to go behind the patent to show a legal or equitable right of the assignee to the certificate on which the patent issued as against one who asserts no legal or equitable claim to such certificate.

2. PRACTICE — BILLS OF EXCEPTION. — The rule again announced, that objections to evidence found in a statement of facts, made up and signed after the close of the term, even if good, in form and substance, as a bill of exceptions, will not be considered on appeal. The evidence offered will be considered as if offered without objection.

3. SEAL — CONVEYANCE. — A conveyance of land, not under seal, but signed by the grantor in 1845, is not, by reason of the absence of a seal, a nullity.

4. SEPARATE ACKNOWLEDGMENT — DEED. — In a deed by husband and wife, conveying land patented to the husband, as assignee of a certificate, it is not necessary, as against one not a stranger to the title, that the separate acknowledgment of the wife should be in accordance with the statute regulating conveyances of her separate estate, there being nothing to show that the wife really owned the land in her own separate right.

5. COLLATERAL PROCEEDING — ADMINISTRATOR'S DEED — PROBATE SALE. — An order of the probate court, in which administration was pending, was shown, directing the sale of land of a testator, and describing it by the name of the grantee of the certificate on which the patent issued, and the county in which it was situate. The order of sale recited an application to sell, and directed the sale to be made in accordance "with the will" of the deceased testator. *Held:*

  (1) It must be presumed, in a collateral proceeding, that the application for the sale was made in accordance with the statute, or that the will of the testator contained such provisions as made it necessary or proper to sell

without such application to sell as is required by the statute for the sale of land, to pay debts, without regard to the directions of a will.

(2) In such a case, no presumption can be indulged, in a collateral proceeding, against the validity of the probate order directing the sale. Following Alexander v. Maverick, 18 Tex., 179; Guilford v. Love, 49 Tex., 715.

(3) Such a sale, duly reported to the probate court, and confirmed, with directions to the administrator to make title, vests in the purchaser, under deed made in pursuance thereof, title to the land sold, as against one who does not hold under a superior title.

6. PURCHASER WITH NOTICE.— A purchaser from the original grantee of a certificate is charged with notice of the legal title, which, before the date of his purchase, had passed by patent to an assignee of the certificate.

7. VERDICT.— Co-plaintiffs claimed title to land in the same right, and maintained it with the same evidence. The verdict was in the singular — for the *plaintiff*. *Held*, that it was not error to construe the verdict in the light of the entire record, and to render a judgment for both plaintiffs.

APPEAL from San Saba. Tried below before the Hon. A. W. Morsund.

Suit by appellees against A. Tom, T. A. Sloan and W. H. Ellis, in trespass to try title, for a tract of land described in the petition of appellees as "six hundred and forty acres, patented to Raymond & Smith, assignees of Wm. Gibbs."

Appellants answered: 1st. General demurrer. 2d. General denial and plea of not guilty. 3d. That they were the owners in fee-simple of six hundred and forty acres of land granted to John Gibbs, which appeared on the official map of said county as survey No. 60, in the name of John Gibbs. That they purchased the same for a valuable consideration, to wit, $384, on August 17, 1881, from W. H. Threadgill, without notice of any adverse claim. That they made all diligent inquiry and search, and exercised as much prudence in purchasing the same as any reasonably careful man would have done under the same circumstances. That they paid cash for the land on the date of purchase, and obtained a full warranty title. They never heard of any adverse claim, or any pretended claim, to their said tract of land, until about the time this suit was filed — February 1, 1884. That if appellees possessed any kind of claim to said tract of land, it was illegal, inequitable, unjust, and was procured by and through fraud and covin. They prayed protection in title as innocent purchasers for a valuable consideration without notice.

Verdict for "the plaintiff." Judgment thereon for appellees, against appellants.

The court granted an order allowing ten days after adjournment, in which a statement of facts might be filed.

*S. F. Yoe* and *Sidon Harris*, for appellants, that a deed without a seal in 1845 was void, cited: Hart. Dig., § 173; Burkett *v.* Scarborough, 59 Tex., 499; Ruleman *v.* Pritchett, 56 Tex., 482–485; Looney *v.* Adamson, 48 Tex., 619; Berry *v.* Donley, 26 Tex., 745; Nichols *v.* Gordon, 25 Tex. Sup., 112.

That the description of the land in the probate proceedings was not sufficient, they cited: Murphy *v.* Welder, 58 Tex., 237, 238, 240; Norris *v.* Hunt, 51 Tex., 614; Mitchell *v.* Ireland, 54 Tex., 305; Faver *v.* Robinson, 46 Tex., 205; McRee *v.* Brown, 45 Tex., 506; Shipman *v.* Fulcrod, 42 Tex., 248–9.

That no title was acquired under the probate proceedings, they cited: Graham *v.* Hawkins, 38 Tex.. 632; Littlefield *v.* Tinsley, 26 Tex., 354; Miller *v.* Miller, 10 Tex., 333; Finch *v.* Edmonson, 9 Tex., 571; R. S., 2069, 2070, 2071, 2073, 2074, 2075 and 2087; Freeman on Void Judicial Sales, §§ 2, 4, 8, 9, 10, 11, 12, 16.

That the judgment was not authorized by the verdict, they cited: Throckmorton *v.* Davenport, 55 Tex., 236; Adams *v.* Cook, id., 166; Smith *v.* Tucker, 25 Tex., 603, 604; Faver *v.* Robinson, 46 Tex., 205; McRee *v.* Brown, 45 Tex., 507.

*Carleton & Morris*, for appellees, cited: Reed *v.* Reed, 11 Tex., 593; Andrews *v.* Parker, 48 Tex., 94; State *v.* Jordan, 12 Tex., 205; Wright *v.* Hawkins, 28 Tex., 472.

STAYTON, ASSOCIATE JUSTICE.— The land in controversy having been patented to Raymond & Smith as the assignees of John Gibbs, it was not necessary for the appellees in deraigning title, as against persons not showing a legal or equitable right to the certificate on which the patent issued, to go behind it. Hence, it was only necessary for the appellees to deraign title from Raymond & Smith, and the inquiry arises whether they have done so.

There are no bills of exception found in the record, and the statement of facts, made up and filed after the close of the term, simply shows that parts of the evidence offered by appellees were objected to; the grounds of the objection, however, not appearing.

If the objections to evidence, thus found in the statement of facts, were good in form and substance as bills of exception, they could not be considered, having been filed after the close of the term. Howard *v.* The Mayor, 59 Tex., 79; G., C. & S. F. R'y Co. *v.* Eddins, 60 Tex., 656; Lockett *v.* Schurenberg, 60 Tex., 610; Willis *v.* Donac, 61 Tex., 589.

The evidence offered stands as if admitted without objection.

The certificate on which the land was patented issued May 16, 1838, to Norton & Clements, assignees of John Gibbs, and by them it was transferred to Raymond & Smith, July 29, 1838.

Patent issued on the certificate to Raymond & Smith as assignees of John Gibbs, giving the number of the certificate and date of its issuance, and Raymond & Smith, joined by their wives, conveyed the land, describing it by the certificate on which it issued, to Charles K. Bullard, December 16, 1845.

Those facts, appearing to have been established by copies of the original instruments, stand as though established by the introduction of the originals, no objection to their introduction of which we can take notice appearing in the record.

That the conveyance from Raymond and Smith and their wives was not under seal does not render it a nullity. Miller v. Alexander, 8 Tex., 37; Martin v. Weyman, 26 Tex., 466.

It does not appear that the wives of Raymond and Smith owned the land in their own separate rights, and this cannot be presumed in the face of the fact that the land was patented to Raymond & Smith; hence, it was not necessary to show that the deed executed by the husbands and wives was so acknowledged by the wives as to pass their separate estates, even if a stranger to the title could avail himself of such a defense, which in this case it is unnecessary to consider. Fisk v. Miller, 13 Tex., 225.

The record shows that the probate court for Bastrop county directed the administrator of the estate of Charles K. Bullard to sell the land in controversy for cash, identifying the land by the name of the original grantee of the certificate, and the county in which it is situated.

The petition on which the order to sell the land was made does not appear in the record, but it does appear from the order that an application had been made, and it further appears from the order that the sale was directed to be made in accordance with the directions of the "will" of Charles K. Bullard.

Under this state of fact, nothing further appearing, the presumption would be that the application for the sale was such as required by statute, or that the "will" of Charles K. Bullard contained such provision, in reference to the sale of the property, as made it necessary or proper to sell without such an application as the statute requires when land is sold for the purpose of paying debts of the estate, or other like purpose, without direction in a will.

In this collateral proceeding no presumptions can be indulged against the validity of the order of the probate court directing the sale of the land. Alexander *v.* Maverick, 18 Tex., 179; Guilford *v.* Love, 49 Tex., 715.

The sale made by the administrator was duly reported to the probate court and confirmed, and the administrator directed to make title to the appellees, which he did.

These things appearing, the court did not err in instructing the jury that the appellees had shown title to the land, and were entitled to recover unless the appellants showed a superior title, or that they were "innocent purchasers in good faith for value, and without notice, either actual or constructive, of plaintiffs' title."

The appellants introduced in evidence deeds to themselves from W. H. Threadgill for the parts of the land in controversy by them severally claimed; and also a deed from A. O. Gibbs and Wilson Gibbs to Threadgill, the makers thereof declaring themselves to be the children of John Gibbs, who was originally entitled to the certificate on which the land was granted.

This deed was dated October 26, 1876, and there was no evidence whatever that the makers of it were the children of John Gibbs.

It is unnecessary to consider whether any of the deeds through which the appellees claim title to the land were properly recorded, for the patent issued to Raymond & Smith, and of that all persons must take notice, and no one purchasing from Gibbs or his heirs could claim to be a purchaser without notice of the legal title evidenced by the patent; hence, the instructions given by the court in reference to the registration of deeds and notice are immaterial, and, if erroneous, could not have prejudiced the appellants.

That the verdict was for the "plaintiff," when there were two plaintiffs, asserting identically the same title, must be construed in the light of the whole record, and so construed there can be no doubt that it was the intention of the jury to find in favor of both the plaintiffs, and that the use of the word "plaintiff" instead of "plaintiffs" was a mere clerical omission; and the court did not err in entering a judgment in favor of the plaintiffs.

It may be that evidence was admitted which should have been excluded, but in the absence of proper bills of exception, presenting the objections, we cannot now consider such questions without disregarding long established rules made to secure the due administration of the law, and the protection of all parties to an action.

All the evidence offered under given states of fact would be admissible, and if bills of exception had been taken, such facts might

appear, which would not appear in the statement of facts bearing upon the main issues.

As presented by the record before us, the judgment must be and is affirmed.

AFFIRMED.

[Opinion delivered June 5, 1885.]