NATIONAL OIL COMPANY v. A. B. RANKIN.

No. 13,505.   (75 Pac. 1013.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Absence of Warranty—Caveat Emptor.*   In the absence of an express warranty, fraud, or deceit, the rule of *caveat emptor* applies where a dealer sells goods on the market for retail.

2. ——— *Personal Injuries—Inspection of Oil.*   Chapter 72a, General Statutes of 1901, makes no provision for the recovery of damages to persons or property resulting from the explosion of illuminating oil, except where such oil is sold without having been inspected and tested.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge.   Opinion filed March 12, 1904.   Reversed.

*McAnany & Alden,* and *I. J. Ringolsky,* for plaintiff in error.

*Sutton & Sutton,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff brought this action to recover damages for injuries to his wife, resulting from the explosion of kerosene oil, while being used in a kerosene lamp for illuminating purposes.   The peti-

tion contained two causes of action. The first was under the statute to recover damages for selling illuminating oil without having it tested; the second was a common-law action, charging the defendant with having manufactured for illuminating purposes oil which was unsuitable for such purpose because of its liability to give off inflammable vapors. ' In both causes it was alleged that the oil was sold by the defendant to one Jehu, a retail grocer, and by Jehu sold to the plaintiff; that while plaintiff's wife was using the oil for illuminating purposes in an ordinary kerosene lamp the oil exploded, from which injury resulted to her. The defendant demurred to the plaintiff's evidence in support of the second cause of action, and the demurrer was overruled. This is the first material error of which complaint is made.

The demurrer should have been sustained. Before the plaintiff could recover on this cause of action, he would be compelled to establish the fact that the defendant had manufactured the oil sold to Jehu and by Jehu to the plaintiff. There is not only an entire absence of any evidence tending to sustain this fact, but all the evidence offered by either party is to the effect that the defendant was a dealer in oil, and purchased from manufacturers and refiners and sold to the retail trade. The general rule of the common law is that where a dealer sells goods on the market for retail, if there is no express warranty of the quality of the goods and no fraud or deceit, the rule of *caveat emptor* applies. ( *Winsor v. Lombard*, 18 Pick. 57 ; *Mixer and another v. Coburn*, 11 Metc. 559, 45 Am. Dec. 230 ; *French v. Vining*, 102 Mass. 132, 3 Am. Rep. 440.) There were no allegations of an express warranty that the oil was suitable for illuminating purposes, that the defendant was guilty of any fraud or

deceit in selling the oil to Jehu, or that the defendant knew the oil was dangerous.

It is contended that the instructions given were inapplicable, erroneous, misleading, and prejudicial. This depends upon what questions should have been submitted to the jury. If the court had ruled correctly on the demurrer to plaintiff's evidence, the instructions should have been confined to the injury to plaintiff's wife, the sale of the oil by defendant, and whether or not the oil had been sold without being inspected and tested as required by chapter 72a of the General Statutes of 1901. The instructions given embraced many questions other than those pertaining to the first cause of action, and were given with the view of covering the law applicable to the allegations of the second cause of action. Some of the instructions authorized a recovery if the oil sold by the defendant emitted inflammable and combustible vapors at a temperature of 110 deg. F., or less, when being used as described by plaintiff, whether it had been tested in good faith or not.

Our statute, unlike the statutes of many states, does not give a right of action against the seller of oil for damages sustained by an explosion except where the oil was sold without having been tested. It gives that right, however, if the oil has not been tested, regardless of what its actual test may be. The purpose of the act is to require all oils to be tested before being put on the market; in all its provisions that one idea predominates. The violation of many of its provisions constitutes a misdemeanor; as, for instance, the selling of oil that has been tested and rejected. Notwithstanding it is a misdemeanor to sell such oils, the statute gives no right of action to recover damages caused by their explosion. The only civil remedy

given by the statute is for damages occasioned by the explosion of oil that was not tested. It does not appear in the act that the legislature had in mind the protection of the citizens, either in person or property, from the sale of oils which are liable to give off inflammable and combustible vapors when in ordinary use, since no civil remedy is given except in the one instance.

The first cause of action was under the statute, and was drawn for the purpose of recovering damages resulting to plaintiff's wife from the explosion of kerosene oil sold by the defendant without having been tested. The instructions should have been confined to the issues raised thereon and the evidence applicable to such issues. In going beyond this, and giving instructions upon questions not involved, and misleading the jury in the particulars herein indicated, the court committed prejudicial error.

There are some objections urged to the admission of evidence, and especially that of the witnesses who testified as experts, some of which objections appear to be well founded ; but, as such questions will probably not arise on a retrial of this cause, we have not thought it necessary to discuss or decide them.

The judgment of the court below is reversed and the cause remanded.

All the Justices concurring.