MISSOURI, KANSAS & TEXAS RAILWAY OF TEXAS ET AL. V. B. C. LIGHTFOOT ET AL.

Decided December 7, 1907.

**1.—Causes of Action—Joinder—Ejection from Train—Shipment of Cattle.**

Under the practice in this State, a suit by two persons for damages for holding cattle and their depreciation in value may be joined with a suit for damages by one of said persons for his wrongful ejection from defendant's train. If, however, such causes of action should not be joined, the action of the trial court in withdrawing from the jury all issues except that for ejection from the train, rendered the joinder harmless.

**2.—Improper Argument—Harmless, when.**

An improper argument of counsel is not cause for new trial or for remanding a case when the trial court specifically instructs the jury that the argument was improper and not to consider it for any purpose, and when there is nothing in the amount of the verdict to indicate that the appellant was prejudiced by the argument.

**3.—Verdict—Evidence—Presumption.**

In the absence of anything to indicate the contrary, the presumption will be indulged that the jury, in assessing damages, considered only the items of damage proven.

**4.—Tort—Ejection from Train—Charge—Harmless Error.**

In a suit for damages for wrongful ejection from defendant's passenger train, charge considered, and held, though not entirely accurate, not cause for reversal inasmuch as plaintiff was entitled to recover under the undisputed evidence and the verdict was not excessive.

**5.—Same—Fright as Element of Damage.**

In a suit for damages for wrongful ejection from a railway train, evidence of fright by plaintiff is properly admitted under a general allegation of mental suffering.

**6.—Admission of Evidence—Harmless Error, when.**

Where, in a suit for damages, it is evident the verdict would have been

the same, the admission of evidence of doubtful competency, is not cause for reversal.

### 7.—Verdict—Certainty—Construction.

In a suit against two defendants a verdict in favor of plaintiff, without stating whether against one or both defendants, and if one, which one, held, under the pleadings and charge of the court, sufficient to support a judgment against both defendants.

### 8.—Same.

In a suit where there were two plaintiffs and two defendants, the following verdict, "We the jury find in favor of the plaintiff L., Jr., the sum of four hundred dollars, and we further find in favor of the defendant against plaintiff L., Sr.," was sufficient to support a judgment in favor of both defendants against the plaintiff L., Sr.

### 9.—Damages—Items—Proof.

Where there is no evidence tending to establish an item of expense for which plaintiff sues, it is reversible error to refuse a requested instruction that plaintiff is not entitled to recover for such item.

### 10.—Same—Judicial Knowledge.

The courts have no judicial knowledge of the location of towns that are not county seats, and hence can not judicially know the distance from such towns to other towns whose location is judicially known. In a suit for railroad fare wrongfully demanded of and paid by plaintiff, the distance between the two places, not county seats, in this State, must be proved.

### 11.—Carrier—Ejection of Passenger—Verdict not Excessive.

In a suit against a railway company for damages for the wrongful ejection of a passenger without money, in the night time and in a strange town, evidence considered, and held sufficient to support a verdict for $400.

Appeal from the District Court of Johnson County. Tried below before Hon. W. R. Walker, Special Judge.

*Coke, Miller & Coke* and *Ramsey & Odell*, for appellants.—It was incompetent and inadmissible to join an action of tort by B. C. Lightfoot, Jr., for damages solely recoverable by and strictly personal to him, with a suit based on contract, expressed or implied, by the two Lightfoots, father and son, for the expense of keeping and deterioration of the 65 head of beef cattle at Grandview, Texas, and the inclusion of the said last-named matter was unnecessary, hurtful and injurious to appellants. Keowne v. Levi, 65 Texas, 152; Frost v. Frost, 45 Texas, 324; Morris v. Davis, 31 S. W. Rep., 852; Hays v. Perkins, 22 Texas Civ. App., 200; Skipwith v. Hunt, 58 S. W. Rep., 193.

The action of counsel for appellees, insisting in argument that they were entitled to exemplary damages, and demanding such a sum as would punish appellants, and as would be a lesson and example to them in the future, was, in the light of the law and all the facts, wholly unwarranted, and such an abuse of the right of fair discussion as, in the light of the unconscionable and excessive verdict, should reverse the case. Dallingham v. Scales, 78 Texas, 206; Ft. Worth & D. C. Ry. v. Burton, 60 S. W. Rep., 316; St. Louis S. W. Ry. Co. v. Lowe, 86 S. W. Rep., 1059.

Under all of the facts of the case, and under any fair view of the evidence, a verdict for $400 was and is so clearly and manifestly ex-

cessive as to manifest passion, prejudice and hatred, and in the light of the improper joinder of causes here, the admission of improper evidence and the highly inflammatory and incendiary remarks of counsel for appellee to require a reversal of the judgment. Texas & P. Ry. Co. v. B. Dennis, 23 S. W. Rep., 400.

*S. C. Padelford,* for appellees.—In this State a suit for a breach of a contract and for tort, which both grow out of the same transaction, may be litigated in the same suit. In this case the damages to B. C. Lightfoot, Jr., for being wrongfully ejected from the train, and the damages to him for the depreciation in the market value of the cattle, and the damages to B. C. Lightfoot, Sr., for his damages for the depreciation in the market value of his cattle, all grew out of the same contract and the same tort, and was such a cause of action as, under the laws of this State, could be embraced within one suit, and the trial court did not err in not sustaining the exceptions of appellants to that portion of plaintiffs' petition setting up such damages. Hookes v. Fitzenrieter, 76 Texas, 279; Milligan v. Callahan County, 69 Texas, 209; Railway Co. v. Stewart, 1 Texas App., Cases, 718; Gulf, C. & S. F. Ry. Co. v. Jago, 32 S. W. Rep., 1062; Cavelier v. Rusk, Dallam, 613; Fitzhugh v. Custer, 4 Texas, 395; Clegg v. Varnell, 18 Texas, 306; Stewart v. Western U. Tel. Co., 66 Texas, 583; Gulf, W. T. & P. Ry. Co. v. Browne, 66 S. W. Rep., 341.

Wherever a party commits a tort or breaches a contract he is responsible for all of the damages which results if, at the time of the tort or the breach, it was reasonably within the contemplation of such party that some damage might probably result from such tort or breach. In this case the defendant, through its agent, absolutely knew and was informed that, by reason of said wrong in ejecting appellee B. C. Lightfoot, Jr., that there in all probability would result damages to appellee B. C. Lightfoot, Jr., and B. C. Lightfoot, Sr., by reason of the decline in the market value of the cattle in Texas caused by a delay in shipping the same, which delay would result from the illegal ejection. Rice v. Dewberry, 93 S. W. Rep., 715; 1 Thompson on Negligence, sec. 50; Coolidge v. Hallauer, 126 Wis., 244; Gulf, C. & S. F. Ry. Co. v. Coopwood, 96 S. W. Rep., 102; Gulf, C. & S. F. Ry. Co. v. Redeker, 100 S. W. Rep., 362.

Appellees having sued for punitory damages, and the evidence being such as to authorize the court to instruct on punitory damages, and the court having informed counsel for the parties that he would instruct on the issue of punitory damages, counsel for the plaintiffs, believing that the court would submit this issue to the jury, very properly discussed the issue of punitory damages to the jury, but the court, after the argument of counsel, having determined not to submit this issue to the jury, at the request of appellants' counsel, specifically instructed the jury not to consider the argument of the counsel upon the question of exemplary damages, and consequently there was no error in appellees' counsel in discussing this issue which was before the jury. Texas Tel. & Tel. Co. v. Seiders, 29 S. W. Rep., 258; Gulf, C. & S. F. Ry. Co. v. Brown, 14 Texas Civ. App., 102; Prather v. McClelland, 28 S. W. Rep., 94; International & G. N. Ry. Co. v. Anchonda, 75

S. W. Rep., 557; De La Vergne, etc., Machine Co. v. Staahl, 24 Texas Civ. App., 474; Robertson v. Trammel, 98 Texas, 364; International & G. N. Ry. Co. v. Mercer, 78 S. W. Rep., 562; Texas & N. O. Ry. Co. v. McDonald, 85 S. W. Rep., 493.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by appellees, B. C. Lightfoot, Sr., and B. C. Lightfoot, Jr., against the Missouri, Kansas & Texas Railway Company and the Missouri, Kansas & Texas Railway Company of Texas, for damages sustained by the said B. C. Lightfoot, Jr., on account of being wrongfully ejected from one of appellants' passenger trains, by their servants in charge thereof, at St. Charles, Missouri; and for damages alleged to have been sustained by both appellees by reason of the delay in a shipment of certain beef cattle from Johnson County, Texas, to Chicago, Illinois, as a result of said wrongful ejection. After the evidence was closed the trial court instructed the jury that they could in no event find in favor of appellee B. C. Lightfoot, Sr., and as to him to return a verdict for the defendant. The court also, in writing, expressly withdrew from the consideration of the jury the issue as to the alleged damages and injury to appellees by reason of the alleged delay in the shipment of their cattle and expenses in feeding them. They were also instructed that they could in no event find in favor of plaintiffs any sum as damages on account of any expense in keeping said cattle, or by reason of any alleged depreciation in their market value. The issue made by the pleadings and the evidence as to the right of appellee B. C. Lightfoot, Jr., to recover for being ejected from appellants' train, was the only issue submitted to the jury. The trial resulted in a verdict and judgment for appellee B. C. Lightfoot, Jr., in the sum of $400, and appellants have appealed.

The facts material to state are as follows: Appellees B. C. Lightfoot, Sr., and B. C. Lightfoot, Jr., father and son, owned certain beef cattle situated in Johnson County, Texas. In July, 1904, they shipped two carloads of said cattle over appellants' railroad to Chicago, Illinois, and by the terms of the contract of shipment appellant obligated itself to give to appellees two tickets, or "drovers' passes," from Fort Worth, Texas, to Chicago, Illinois, and from Chicago back to Fort Worth, by way of St. Louis, Missouri. B. C. Lightfoot, Jr., and his brother received tickets or passes in accordance with the terms of said contract to Chicago, and accompanied the two carloads of cattle to that place, sold them, and returned to St. Louis. On the afternoon of July 25, 1904, as required by his contract, B. C. Lightfoot, Jr., went to the proper office of appellants in St. Louis, delivered the contract to its agent, and received from said agent a return ticket or pass from St. Louis to Fort Worth, Texas. The return ticket or pass was made out by appellants' agent in duplicate, one of which was delivered to appellee Lightfoot, Jr., and the other kept by the agent. After this ticket or pass had been examined by the gate-keeper at St. Louis, and appellants' porter or brakeman, appellee was allowed to board one of its passenger trains for the purpose of being transported to Fort Worth. After the train upon which appellee had taken passage left St. Louis the conductor of appellant, in charge thereof, asked appel-

lee for his ticket, examined it, and placed the usual check in appellee's hat, indicating the said ticket or pass was all right. After this appellee's brother went into the sleeping car for the purpose of obtaining for himself and appellee a berth for the night, and upon presentation of their transportation tickets or passes to the Pullman conductor he made some objection to appellee's ticket, and shortly thereafter the train conductor, in company with appellants' train auditor, came to where appellee and his brother were, took appellee's ticket from him, told him it was no good—that he could not ride on it, and would have to get off of the train. Appellee told the conductor and the auditor from whom, and the circumstances under which, he had received the pass; that he only had about one dollar in money, and no means of paying his fare to Texas. The conductor then remarked in the presence and hearing of a number of passengers in the car, "This looks like the work of scalpers to me," and the auditor said: "That is what it looks like to me; it looks like a scalper to me." Appellee denied that scalpers had anything to do with the sale or his possession of the ticket, and the conductor and auditor turned to leave the car, and said that appellee would have to get off of the train at St. Charles, Missouri. When the train arrived at St. Charles the conductor and auditor returned to the car where appellee was and ejected appellee from the train. In doing so the conductor seized the coat of appellee, gave him a pull and said: "Young man, you will have to get off. There ain't no use in arguing. There is no time for argument here. You will have to get off. I will put a stop to this scalping business." This was about one o'clock at night, and it was dark, the appellee a stranger in the town of St. Charles, and he did not know where to go. The town was a short distance from the railway station, and some one directed appellee how to find it. He was compelled to walk to the town and remain there until he received a ticket and some money from his father in Texas, which was three or four days. Appellant's auditor, who was present when the conductor ejected appellee from the train, got off at St. Charles, and insisted that appellee return with him to St. Louis, telling him that he would bear the expense to St. Louis, and that, if the ticket taken from appellee by the conductor of the train was a good ticket, he (the auditor) would get him a ticket to Texas. Appellee declined this offer, giving as his reason for so doing that the auditor was a stranger to him, and he didn't know whether he was lying to him or not; that he was a stranger in St. Louis, and did not have the "drover's pass" taken from him by the conductor, or the contract to show that he was entitled to a ticket; that he had no money, and if it was decided in St. Louis that he was not entitled to a ticket he would be unable to get to Texas, or back to St. Charles, where he was expecting money to be sent to him by his father. By reason of the language used by the conductor and auditor when they took appellee's ticket from him, and by reason of the wrongful ejection of him from the train, he was humiliated, and suffered mental distress, and, together with the necessary expenses, etc., incurred on account of the said conduct of appellants' conductor and auditor, appellee sustained damage in the sum awarded by the jury.

Appellants' assignments of error from one to five, inclusive, com-

plain of the court's action in refusing to sustain certain special exceptions urged to appellee's petition. These exceptions are, in substance, that there was a misjoinder of causes of action, in that the expenses of feeding the cattle and the decrease in the value of the same, as claimed by both appellees, were improperly joined with the action of tort by B. C. Lightfoot, Jr., for damages solely recoverable by and strictly personal to him; that the allegations that appellants' servants publicly charged appellee with attempting to steal a ride from St. Louis to Ft. Worth, Texas, on an invalid and scalper's ticket, and that he was caused thereby to suffer humiliation and mental distress, and caused, by reason of his ejection from appellants' train, to incur expenses, etc., were improperly joined with the alleged cause of action for keeping said cattle and their depreciation in market value, etc.; that the allegations in reference to the depreciation in the market value of the cattle are too vague and uncertain, and the damages sought to be recovered thereby too remote. These assignments will be overruled. We are inclined to the opinion that all the matters set up in appellees' petition could be properly embraced in one petition and suit under the practice of this State; but, however that may be, the court's action in withdrawing the claim for damages to the cattle, and instructing the jury that appellee B. C. Lightfoot, Sr., in no event could recover, cured any error the court may have committed in its ruling on the pleadings in the respect complained of. For the same reason appellant suffered no injury by the admission of the testimony complained of in its sixth, eleventh and twelfth assignments of error, and they will also be overruled.

Nor do we think the case should be reversed because of the remarks of counsel for appellee, made the basis of appellants' fourteenth, fifteenth and sixteenth assignments. If it be admitted that the remarks to which exceptions were taken exceeded the bounds of legitimate argument, the jury were specifically instructed in writing by the court that they were improper, and not to consider them for any purpose; and the size of the verdict, nor anything else in the record, indicates that the jury were improperly influenced by the remarks.

There was no reversible error in charging the jury that, if they found for appellee, to allow him such damages as the evidence showed would be a fair and reasonable compensation to him for the expenses occasioned directly and proximately by the acts of appellants' agents, and in refusing to give appellants' special charge limiting such recovery to hotel and laundry bills. If the evidence showed that appellee's expenses were for hotel bills and laundry bills only, as claimed, it would not have been improper, perhaps, for the court to have given appellants' requested instruction limiting a recovery for such expenses to these items; but it does not appear that any other item of expense, to which this portion of the court's charge related, was considered by the jury or included in their verdict, and the presumption is that they only allowed such as the evidence warranted.

In the eighth paragraph of the court's charge the jury were instructed that if the servants of appellants, in charge of the train upon which appellee was riding, used more force than was necessary to eject appellee from said train, or used language, or made statements, or

performed other acts not necessary to remove the appellee from said train, and that appellee was thereby inconvenienced and suffered mental pain and humiliation as a direct and proximate result thereof, to find in favor of the appellee "for such damage as the evidence shows will be a fair and reasonable compensation to him for such inconvenience and mental anguish and humiliation, if any." This charge is objected to on the ground that it, in effect, tells the jury that if the servants of the defendants used any language towards plaintiff, or made any statement to him that was not necessary to secure his removal from the train, and the plaintiff thereby suffered mental pain or humiliation, he could recover, whether such statement or language was calculated to produce such effect or not; and because there was no testimony of any "other acts" on the part of the defendants' servants or employes which would justify or authorize such an instruction. We think it must be admitted that the charge is not entirely free from criticism, but, inasmuch as it seems clear that the plaintiff was entitled to recover under the practically undisputed evidence, and that under this evidence the amount of the recovery is not excessive, we conclude defendants suffered no substantial injury by the charge, and that it affords no sufficient reason for a reversal of the case.

Appellants, in their second proposition, under their forty-first assignment of error, concede that appellee B. C. Lighffoot, Jr., was unlawfully ejected from the train at St. Charles, Missouri. Nor do we think the admission of the evidence, over the objection of appellants, that appellee B. C. Lightfoot, Jr., was frightened as a result of the manner and circumstances under which he was put off of appellants' train, requires a reversal of the case. The only objection urged to the introduction of this evidence was that there was no allegation of fright. It was not contended that the testimony was inadmissible because no bodily injury to B. C. Lightfoot, Jr., was alleged or shown, and therefore fright as an element of mental suffering or actual damages could not be recovered. That question was not involved in the trial court's ruling upon the objection made, and does not arise upon appellants' assignment of error. Mental anguish or suffering is an element of damage for which a recovery may be had under the decisions of this State, although no actual personal injury may have been inflicted. Gulf, C. & S. F. Ry. Co. v. Richardson, 79 Texas, 649; Western U. Tel. Co. v. Kendzora, 26 S. W. Rep., 245; Railway v. Anchonda, 68 S. W. Rep., 743; 75 S. W. Rep., 557; Gulf, C. & S. F. Ry. v. Coopwood (in which writ of error was refused), 96 S. W. Rep., 102. And all damages that are the proximate, natural and probable consequences of the act complained of may be recovered under a general allegation of damage. It was alleged in this case, in effect, that appellee was wrongfully, maliciously and forcibly ejected from appellants' train at a strange place to him about one o'clock on a dark night, and that by reason thereof he suffered great mental distress. Now fright is unquestionably a painful emotion of the mind, and, in view of the manner of appellee's expulsion from appellants' train, and of the time and place when and where it occurred, might reasonably have been expected to result to him from the acts done by the servants of appellants in violation of his rights. We conclude, therefore, that the testi-

mony objected to was admissible under the general allegations mentioned. But if we should be mistaken in the foregoing views, then we are of the opinion that it may be safely and fairly said that, without the testimony that appellee was "frightened," the result of the trial would have been the same, and hence appellants have suffered no material injury by the admission of said testimony. Appellants concede, in their brief, as above stated, that appellee was "unlawfully" ejected from their train at St. Charles, Missouri, and the evidence is amply sufficient to show that, entirely independent of any question of "fright," appellee sustained damages in the amount of the verdict and judgment.

It is assigned that the trial court erred in overruling appellants' motion in arrest of judgment. The principal ground of this motion is, in substance, that the verdict returned by the jury was too vague, indefinite and uncertain to authorize or sustain the judgment rendered, for the reason that two defendants were sued and a recovery sought against both of them; whereas, the verdict returned is against only one of the defendants, and does not state which one. The verdict as incorporated in the judgment of the court reads thus: "We, the jury, find in favor of the plaintiff, B. C. Lightfoot, Jr., the sum of four hundred ($400) dollars, and we further find in favor of the defendant against plaintiff B. C. Lightfoot, Sr. J. S. Ezell, foreman." Upon this verdict the court entered judgment in favor of appellee B. C. Lightfoot, Jr., against both of the appellants for the amount named in the verdict, and in favor of both appellants against B. C. Lightfoot, Sr., that he take nothing, and that they recover as to him all costs. We think this action of the court correct. It is said that "the verdict of a jury should be construed liberally, not technically, and so that it may rather stand than fall." Besides, it is statutory in this State that, "where there has been a substantial compliance with the requirements of the law in rendering a verdict, the judgment shall not be arrested or reversed for mere want of form therein." The court instructed the jury to find in favor of appellants against B. C. Lightfoot, Sr., and, in the event they found the existence of certain facts, to return a verdict in favor of appellee B. C. Lightfoot, Jr., for such sum as he was entitled to recover under the measure of damages given. The verdict is in favor of B. C. Lightfoot, Jr., for the sum of four hundred dollars, but does not recite, as will be noticed, that it is "against the defendants," or either of them. That the jury intended, however, to find against both of the defendants is manifest, and their verdict will be construed to be such finding. A verdict reading: "We, the jury, find for the plaintiff for five hundred dollars," was held, in the case of the New York, T. & M. Ry. Co. and the Southern Pacific Ry. Co. v. Gallaher, 79 Texas, 685, to be sufficient to authorize and support a judgment against both defendants. In that case Judge Gaines says: "The question was, Was the plaintiff entitled to recover the penalty claimed of the two defendants? The verdict very clearly answers that question in the affirmative. As we understand it, a verdict in favor of one party is always taken to be a verdict against the other, and it is unusual for a verdict in an ordinary case to name or mention the party against whom the verdict is found." And the use of the singular "defendant," instead of the plural "defendants," in that

portion of the verdict wherein the jury find against B. C. Lightfoot, Sr., must be regarded as a mere clerical error, and should be construed to be a finding in favor of both defendants, there being two of them, against the said Lightfoot. This view is supported by the case of Tom v. Sayers, 64 Texas, 339. In that case two plaintiffs were claiming title to land in the same right; the verdict was in the singular, for the plaintiff, and the Supreme Court held that it should be construed as rendered for both plaintiffs. Furthermore, judgment was entered in the present case in favor of both of the appellants, as has been shown, against the appellee, B. C. Lightfoot, Sr., and certainly they have no cause to complain of the form of the verdict here under consideration.

Appellants' eighteenth assignment of error complains of the trial court's action in refusing to give the following requested instruction: "There is no evidence before you as to the amount of the railway fare paid by plaintiff, B. C. Lightfoot, Jr., from St. Charles, Missouri, to Ft. Worth, Texas, the only evidence in the case being the amount paid for a ticket from St. Charles, Missouri, to Grandview, Texas, and there being no evidence as to the distance from St. Charles, Missouri, to Ft. Worth, Texas, or the value of a ticket from St. Charles to Ft. Worth, you are not authorized to find any sum for plaintiff for any sum expended for such ticket." This assignment must be sustained. Where there is no evidence tending to establish an item of expense for which a plaintiff might recover, in the event he prevails in his suit, it is error to refuse to instruct the jury that no recovery can be had as to such item, when requested by the defendant so to do. Appellant's contention that there was no evidence as to the amount of the railway fare paid by appellee B. C. Lightfoot, Jr., from St. Charles, Missouri, to Ft. Worth, Texas, is sustained by the record. The allegation is that he paid $21.50 for railroad fare from St. Charles, Missouri, to Ft. Worth, Texas, but the testimony is that he paid "$21.50, or $20 and something, to Grandview." The contention of appellee, in answer to this assignment, to the effect that we judicially know the distances separating these towns, the railroad fare from one to the other, and hence know that the railway fare from St. Charles to Ft. Worth is $21.50, or that the difference in the fare from St. Charles to Grandview is so small the law will not take notice of it, is not tenable. We take judicial cognizance of the "direction, run and location of important railroads within this State" (Gulf, C. & S. F. Ry. Co. v. State, 72 Texas, 404; Texas Cent. Ry. v. Marrs, 100 Texas, 530), and that Ft. Worth is the county seat of Tarrant County, Texas, and is located in that county (Hambel & Hasty v. Davis, 89 Texas, 256), but Grandview, not being a county seat in any county in this State, we do not judicially know where it is located, and, in the absence of proof, have no means of knowing what the railway fare is from St. Charles to either Ft. Worth, Texas, or Grandview, or from Ft. Worth to Grandview. This error of the court, however, does not necessarily require that the case be remanded for a new trial. This may be obviated at the discretion of the appellee by a remittitur of the sum of $21.50, claimed to be the railway fare paid by appellee from St. Charles, Missouri, to Ft. Worth, Texas.

The remaining assignments of error have been considered, with the conclusion reached that neither of them disclosed any reversible error. The verdict, in our opinion, is not excessive. It is not so large as to indicate that it is the result of passion or prejudice or other improper motive. It is conceded that appellee, B. C. Lightfoot, Jr., was entitled to a return ticket or pass over appellants' line of road from St. Louis, Missouri, to Ft. Worth, Texas. If he received a duplicate of such pass, and not the original, at St. Louis, the verdict of the jury, which is amply supported by the evidence, establishes that the mistake was through no fault of his, but an error of appellants' servants. Appellee was without money, of which the appellants' conductor and auditor were informed. He was in effect charged, in the presence of other passengers, with knowingly attempting to travel over appellants' road upon an invalid scalper's ticket, and forcibly ejected from its train about one o'clock at night at a station some distance from the town of St. Charles, and its hotels and lodging houses, to which he was compelled to walk in search of shelter. He was a stranger in the town, without money and without friends. By reason of the conduct of appellants' servants he was forced to remain in said town three or four days in the condition described, away from his home and family, and, in addition thereto, suffered much humiliation and mental anguish. For these, and other reasons shown by the record, we think the verdict is not excessive. It is, therefore, ordered that if appellee B. C. Lightfoot, Jr., remits in this court, within ten days from the filing of this opinion, the sum of $21.50, to which we have referred, the judgment of the court below for the remaining sum will be affirmed, otherwise said judgment will be reversed and cause remanded. The costs of this appeal will be taxed against appellee B. C. Lightfoot, Jr.

*Affirmed on remittitur.*

Writ of error refused.