WHITE v. BARROW et al. (No. 8284.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 22, 1916.)

1. COURTS ☞169— COUNTY COURTS — JURISDICTION—AMOUNT IN CONTROVERSY.

Under the express provision of Act Thirty-Third Legislature, increasing the civil jurisdiction of the county court of Stonewall county by giving it original concurrent jurisdiction with the justice courts in all civil matters, such court had jurisdiction of an action for $150, alleged to be due upon an oral lease of land with claim of a pasturer's lien.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. ☞169.]

2. TRIAL ☞327—VERDICT—PARTIES.

In action, a verdict for one of two defendants, silent as to the other defendant, was sufficient to sustain a judgment for both defendants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 768½–770; Dec. Dig. ☞327.]

3. APPEAL AND ERROR 🗝=648—TRANSCRIPT—TIME OF FILING—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. art. 1608, providing that in any appeal the appellant shall file the transcript with the clerk of the Court of Civil Appeals within 90 days from the perfection of the appeal, the court could not consider an exception to the charge, when the part of the transcript containing the purported bill of exceptions was inserted by the clerk of the county court after the transcript had been filed in the Court of Civil Appeals, without authority of the latter court, and more than 90 days after the appeal bond had been perfected.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2803–2806; Dec. Dig. 🗝= 648.]

4. APPEAL AND ERROR 🗝=1001 — REVIEW — VERDICT.

In a suit for the sum alleged to be due upon an oral lease of pasture land for six months, and for a pasturer's lien upon defendant's cattle, where defendant denied the contract pleaded, the verdict for defendant would not be disturbed by reason of his admission that he had put cattle in the pasture, and that he owed pasturage for same head of cattle.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. 🗝=1001.]

5. CONTRACTS 🗝=346—PLEADING—RECOVERY ON QUANTUM MERUIT.

Under a petition based on an alleged oral contract for the lease of pasture land, plaintiff could not recover on a quantum meruit.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1131–1138; Dec. Dig. 🗝=346.]

Appeal from Stonewall County Court; R. S. Tillotson, Judge.

Action by George E. White against Will Barrow and another. Judgment for defendants, and plaintiff appeals. Affirmed.

T. E. Knight and J. M. Carter, both of Aspermont, for appellant. McCart, Curtis & McCart, of Ft. Worth, for appellees.

BUCK, J. [1] On December 4, 1915, this appeal was dismissed, on the ground that, inasmuch as the record failed to contain a transcript of any justice court proceedings, and the amount involved did not exceed $200, such record failed to affirmatively show how the trial court had acquired appellate jurisdiction, and it appeared that it did not have original jurisdiction of the amount involved. But the appellant calls our attention to an act of the Thirty-Third Legislature, increasing the civil jurisdiction of the county court of Stonewall county, giving said court original concurrent jurisdiction with the justice courts in all civil matters. This statute being in the nature of a local or special law, and our attention not having been directed thereto in the brief of either appellant or appellee, or in the transcript, we did not take into consideration its enactment. Therefore we hereby withdraw our original opinion, set aside the order of dismissal, grant the motion for rehearing, and proceed to consider the appeal on its merits. Geo. E. White brought this suit against Will and W. E. Barrow for the sum of $150, alleged to be due upon an oral lease contract covering three sections of land in Stonewall county; it being alleged that the lease was made by and between W. H. Lee, agent of and acting for said White, and W. E. Barrow, who acted for himself and his son Will. Said contract was alleged to have been made on August 31, 1913, and was to begin September 1st, thereafter, and to continue for six months. Plaintiff alleged that, in pursuance of said contract, the defendants did pasture their cattle on the lands described, beginning on September 1, 1913. He further alleged a pasturer's lien upon some 20 head of cattle. Defendants specially denied the making of the contract pleaded by plaintiff, and denied owing plaintiff any sum of money; they further alleged that if in fact any of their cattle grazed upon the lands of plaintiff, they did so because the fences were down and insufficient to keep said cattle out. Upon a general charge, the jury returned the following verdict: "We, the jurors, find for the defendant," whereupon, the court entered judgment for both defendants. Plaintiff appealed.

[2] In his first assignment appellant questions the sufficiency of this verdict to sustain the judgment rendered. We think the assignment must be overruled. In Lawson v. Robinson, 68 Kan. 737, 75 Pac. 1013, it is held that a verdict which is silent as to one defendant is equivalent to a verdict in his favor. To the same effect is the holding in Railway v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743. In Trammell v. Rosen, 157 S. W. 1161, our Supreme Court holds that a final judgment can be based upon a verdict which does not expressly, but only by implication, dispose of all the issues. See Railway v. Gallaher, 79 Tex. 685, 15 S. W. 696; Railway v. Lightfoot (writ denied) 48 Tex. Civ. App. 120, 106 S. W. 395; Tom v. Sayers, 64 Tex. 343.

[3] We cannot consider the exceptions to the charge, to the giving of which the second assignment is urged, because it appears, by reference to the transcript, that the portion of the transcript containing what purports to be the bill of exception, complaining of this charge, was inserted by the clerk of the county court of Stonewall county after the transcript had been filed in this court, and more than 90 days after the appeal bond had been perfected and without authority from this court, and without any motion filed herein. We cannot believe that the clerk or the counsel for appellant intended by this act, committed, evidently, while the transcript was in the custody of appellant's counsel, any impropriety, and therefore we do not think it necessary to further refer to the matter, except to say that we can give the assignment no consideration. Article 1608, Vernon's Sayles' Tex. Civ. Stat.; Davis v. McGehee, 24 Tex. 210; Wells v. Driskell, 105 Tex. 77, 145 S. W. 333.

---

🗝=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

· [4, 5] The fourth assignment attacks the verdict and judgment as contrary to the law and evidence because W. E. Barrow, one of the defendants, "testified that he made the lease contract with plaintiff's agent, W. H. Lee, under which he the next day put some 60 head of cattle upon the alleged premises," etc. By reference to the statement of facts, it will be seen that, while Mr. Barrow admitted that about the latter part of August, 1913, having some cattle in the "shinnery," and having no water for them, he called up Mr. Lee over the phone and asked him about leasing the pasture described, yet he states that Mr. Lee told him he had sold the land to Mr. White, who lived at Ft. Worth, and that he (Lee) would see White about it the next time he came up from Ft. Worth, and let Barrow know what he said, but that Lee never said anything more about the lease; that, however, the next morning after this conversation, he did put some 65 head of cattle in this pasture; that the next day, or the second day thereafter, some 35 head got out of the pasture, and he "threw them back in the 'shinnery.'" He admitted owing White pasturage for the remaining 30 head for something like 40 days at 50 cents a head. But since Barrow denied the contract pleaded by plaintiff, we think the verdict and judgment cannot be disturbed by reason of this evidence and admission by defendant. Plaintiff could not recover on quantum meruit under his petition, which was based upon an alleged contract. Walker v. Dickey, 44 Tex. Civ. App. 110, 98 S. W. 659; Thornton v. Moody, 24 S. W. 332.

Finding no error, the judgment of the trial court is affirmed, but by reason of such judgment the plaintiff below is not denied the right to recover, in another suit based upon quantum meruit, any money due him for pasturage by the defendants.

Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes