## ROSS BROS. HORSE & MULE CO. et al. v. FIRST NAT. BANK OF COOLIDGE.

### No. 2376.

Court of Civil Appeals of Texas. Waco.

Jan. 8, 1942.

Rehearing Denied Feb. 12, 1942.

Thompson & Barwise, of Fort Worth, Bradley & Bradley, of Groesbeck, and Zweifel, Floore & Hicks, of Fort Worth, for appellants.

L. W. Shepperd, of Groesbeck, and B. W. Miles, of Coolidge, for appellee.

TIREY, Justice.

The First National Bank of Coolidge, appellee, brought this suit against T. J. Holley, alleged to be a resident of Limestone county, and against Ross Brothers Horse & Mule Company, a partnership, and the individual members thereof, all residents of Tarrant county, to recover on three separate drafts drawn by said Holley upon said partnership. A plea of privilege was filed by all nonresident defendants and by agreement said plea of privilege and the plaintiff's controverting affidavit were heard with the main case. On the verdict of the jury the court overruled defendants' plea of privilege to be sued in Tarrant county and overruled said partnership's motion to disregard certain special issues and findings of the jury thereto; also said partnership's motion for judgment non obstante veredicto, and rendered judgment against all defendants. All defendants except Holley have appealed.

Error is assigned to the action of the trial court in overruling defendant's plea of privilege. We find that we are forced to sustain this assignment. Defendant's plea of privilege was in statutory form and plaintiff's controverting affidavit thereto sought to sustain venue in Limestone county under subdivisions 4 and 29a, Article 1995, Revised Civil Statutes, Vernon's Ann. Civ.St. art. 1995, subds. 4, 29a. Upon the issue thus raised the burden was on plaintiff to prove (1) by affirmative evidence that the defendant Holley (the resident defendant) resided in Limestone county, and (2) to plead and prove that it had a cause of action against him. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, point 3, page 1302. The plaintiff did plead that Holley was a resident citizen of Limestone county and that it had a cause of action against him, but it failed

to make the proof that he was a resident of Limestone county. The proof showed that Holley lived in Coolidge and that he had lived there for twenty years, but the evidence wholly failed to show that Coolidge was in Limestone county. The city of Coolidge not being a county seat of any county in this state, we do not judicially know that it is located in Limestone county. Missouri K. & T. Ry. Co. v. Lightfoot, 48 Tex.Civ.App. 120, 106 S.W. 395, point page 399, writ refused; 17 Tex.Jur. p. 185, sec. 17; Petroleum Casualty Co. v. Crow, Tex.Civ.App., 16 S.W.2d 917. It follows that under the doctrine announced by the Supreme Court in Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, this cause must be reversed and remanded for a new trial.

The judgment of the trial court is reversed and the cause is remanded.