No. 36,981

GENE PHILLIPS, by his father and next friend, CHESTER PHILLIPS, *Appellee,* v. J. H. DOYLE and J. C. CAMPBELL, a copartnership doing business as THE SERVICE OIL COMPANY, and GUY LANEY, *Appellants.*

(207 P. 2d 465)

Opinion filed June 11, 1949.

*Daniel R. Hopkins,* of Garden City, argued the cause, and *Logan N. Green* and *Roland H. Tate,* both of Garden City, were with him on the briefs for the appellants.

*A. M. Fleming,* of Garden City and *Forrest McCalley,* of Wichita, argued the cause and *Wm. Easton Hutchison, C. E. Vance, C. R. Hope* and *Bert J. Vance,* all of Garden City, were with them on briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action by a minor, brought by his next friend and father, to recover damages for personal injuries sustained as the result of a fire which occurred at the farm home of his employer where he was employed as a farm hand. The case was tried by a jury which returned a general verdict in favor of the plaintiff upon which, after overruling the usual post-trial motions, the district court rendered judgment. Thereupon defendants appealed. They concede the sole issue on appellate review is whether the trial court erred in overruling their demurrer to the plaintiff's evidence.

For present purposes, since the pleadings are not in controversy, it will suffice to relate in substance the contents of the petition. It states the defendants, Doyle and Campbell, on all dates in question were partners doing business at Lakin, Kan., as the Service Oil Company, where they maintained storage tanks in which they kept

gasoline, kerosene and other petroleum products for sale and delivered such products when sold to their farmer customers and others through the medium of a rural delivery service operated by them and their employee Guy Laney, also a defendant.

It then charges that sometime prior to September 12, 1945, the date of the occurrence of the events responsible for the institution of the action, the defendants carelessly and negligently permitted their storage tanks and pipes by which they were connected and equipped to become rusted and in a defective condition with the result gasoline and kerosene became mixed and they delivered a mixture of these products instead of kerosene as ordered, to one Henry Allen at his farm home, placing it in a barrel located on an elevated stand in a small room off the kitchen from which there was no exit except through the kitchen; that later defendants were advised of their error and after dark on the evening of September 12, at about 8:30 p. m. Laney came to the Allen home, stated that he was there to pick up the mixture which he had sold them for kerosene and, over the warning and protest of Mrs. Allen that such mixture was dangerous and should not be moved at night, proceeded to attempt to remove it at a time when there was a lighted kerosene lantern sitting on the floor of the room where it was located and an open fire burning in the bathroom near by, all of which facts were known or should have been known to such defendant in the exercise of ordinary care and caution.

It next alleges that Laney filled two five-gallon cans with the mixture from the barrel and started to leave the small room to empty their contents into the defendants' tank wagon but that as he did so he carelessly and negligently tripped, stumbled or fell, overturned the lantern, and spilled such contents, which ran under a partition into the bathroom and into the kitchen of the home and subsequently became ignited and burst into flames.

The petition then asserts the plaintiff who was in the small room, engaged in the performance of some work of his employment, and whose only means of escape from the house was through the room in which the fire was burning and then into the kitchen was forced to come through the flames with the result he was badly burned and suffered injuries, the extent and character of which are not an issue nor the amount of damages allowed therefore challenged as excessive.

Finally such pleading charges that all injuries sustained by plaintiff as a consequence of the fire were the direct and proximate result of the careless and negligent action and conduct of the defendants while acting as therein alleged and in addition specifies ten specific acts of negligence on their part which are alleged to have contributed to and been responsible for the situation which caused the injuries sustained by him.

Mindful of the rule (See *Picou v. Kansas City Public Service Co.,* 156 Kan. 452, 134 P. 2d 686; *Roddy v. Hill Packing Co.,* 156 Kan. 706, 137 P. 2d 215; *Ripper v. City of Canton,* 166 Kan. 185, 187, 199 P. 2d 815) that in passing on a demurrer to evidence an appellate court is concerned only with evidence and inferences to be adduced therefrom which supports a cause of action and does not weigh testimony we now give consideration to arguments advanced by appellants in support of their position the appellee's evidence wholly fails to sustain the judgment.

At the outset our attention is directed to the oil inspection law of this state (G. S. 1935, ch. 55 art. 4) and to *Oil Co. v. Rankin,* 68 Kan. 679, 75 Pac. 1013, construing its terms. It is urged that by reason thereof appellee was required to plead and prove the mixture of kerosene and gasoline delivered at the Allen home was not inspected as required by the provisions of such statute in order to maintain and establish any cause of action against them for negligence. This claim has little merit. Reference to the decision cited discloses it expressly states the purpose of the act is to require all oils to be tested before being put on the market. We find nothing in the decision or in the act itself which can be construed as relieving a distributor of petroleum products from the consequences of negligent action in mixing kerosene and gasoline after he has purchased such products for purposes of sale.

Appellants' next two contentions can be considered together. They insist there was nothing in the evidence which tended to prove Doyle and Campbell negligently mixed gasoline and kerosene and sold the mixture as kerosene or that there was any testimony which would prove or tend to prove Laney was negligent in falling and spilling such mixture. We are not disposed to labor the record. It suffices to say both Mrs. Allen and Laney testified kerosene had been ordered and a mixture of gasoline and kerosene delivered instead and that the latter had been sent out to pick it up. Mrs. Allen also testified that Laney had theretofore inquired of her if

the Allens had any of the mixture, stating it had become mixed somehow in the lines, and that if so both Doyle and Campbell had ordered him to pick it up. That, to say nothing of other testimony susceptible of similar inferences, was sufficient to take the question of appellants' negligence on the first point mentioned to the jury. So far as the second is concerned it makes little difference whether Laney tripped and fell as the result of carelessness. The fact the appellants attempted to move the mixture from the Allen home after dark, under conditions and circumstances alleged in the petition which were all established by testimony, particularly over the warning and protest of Mrs. Allen, was evidence of negligence and in and of itself was sufficient to sustain a conclusion that the fire resulted therefrom.

The next claim advanced by appellants will be considered out of the order in which it is argued. They insist appellee's evidence discloses he was guilty of contributory negligence as a matter of law in that he attempted to extinguish the fire by tramping on it when he could have escaped without injury. There was testimony to the effect that when the fire first started there was only a small blaze noticeable and that appellee, who was then only sixteen years of age, attempted to stamp it out. Moreover, appellee testified his clothing did not catch on fire when he stamped the blaze, but as a result of the explosion. In addition it clearly appears from the record that Laney, who was closer to a position of safety, was caught in the flame following the same explosion and also severely burned. Under such conditions we have no hesitancy in holding the question of appellee's negligence was factual, not legal, and hence properly submitted to the jury for its decision.

Our heretofore announced conclusion that standing alone appellee's evidence with respect to the conditions and circumstances under which appellants attempted to remove the mixture was enough to take the question of responsibility for the fire and appellee's resulting injuries to the jury might well end this lawsuit. Even so we have not overlooked the contention, strenuously urged, that the negligent mixture of gasoline with kerosene and its sale and delivery to the Allens was not the proximate cause of appellee's injuries.

Conceding, as appellants point out, the mixture was stored in the dwelling house, there was an opening in the partition between the storeroom and the bathroom, there was an open blaze in the bath-

room and no one expressly warned Laney thereof, that appellee attempted to put out the fire and that such fire would not have occurred had it not been for the attempt to remove the fuel oil and Laney's fall, it cannot be successfully urged that such matters, or any one of them, were independent and efficient intervening causes of the fire or appellee's injuries. If the mixture had not been sold and delivered this particular fire, under all the conditions and circumstances revealed by the evidence, would not have occurred. Appellants having negligently created the situation which resulted in its occurrence cannot escape liability for the natural and probable consequences which followed.

No useful purpose would be served by taking time or space in this opinion to discuss appellants' argument in support of their position on the point just decided. It suffices to say they are all answered and the conclusion upheld by our recent decision of *Flaherty v. Reed,* 167 Kan. 319, 205 P. 2d 905, which, while it deals with the sufficiency of allegations of a pleading and entirely dissimilar facts, nevertheless reviews our decisions relating to the doctrine of proximate cause and clearly and decisively indicates that, under principles of law equally applicable to the instant case, events of the character here relied on are not to be regarded as independent and efficient intervening causes of an accident or fire which will defeat an action founded upon an original negligent act, without which injury would not have been sustained, but as a series of connected circumstances constituting the proximate or legal cause of the injuries sustained as a result of such fire or accident.

Pertinent portions of the syllabus in the case to which we have just referred read:

"The proximate or legal cause of an injury is that cause which in natural and continuous sequence unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act.

"If an intervening act was foreseen or might reasonably have been foreseen by the first actor, his negligence may be considered the proximate or legal cause of the injury, notwithstanding the intervening act.

"It is not a necessary element of negligence that one charged with it should have been able to anticipate the precise injury sustained.

"There is no precise formula for marking the line between proximate and remote consequences following a negligent act, and ordinarily the question of negligence, including proximate cause, and whether an alleged intervening cause could have been foreseen or anticipated by the exercise of ordinary prudence and foresight, are for the jury." (Syl. ¶¶ 2, 3, 4, 5.)

After an exhaustive search of the entire record and a careful review of the many decisions cited by counsel for the respective parties, none of which are found to be at variance with the conclusions heretofore stated, we are convinced the trial court did not err in overruling the demurrer to appellees' evidence. Since the propriety of that ruling is the sole basis for this appeal it follows the judgment must be and it is hereby affirmed.