## WILL HUBERT v. J. C. GRADY.

SUPREME COURT, AUSTIN TERM, 1883.

*Promissory Note—Instrument Construed.*—H. executed to G. the following : $400.00. On or before the 1st day of January next, 1877, I promise to pay to G. or order for value received, with 12 per cent. interest per annum from date until paid. This note is given for part of the purchase money on a tract of land purchased by me of G. and wife, Oct. 11th day, 1876. *Held*, that the instrument evidences a clear and explicit promise to pay G. or order the sum of $400.00 at a named date.

*Title by Limitation—Sufficient to enforce Executory Contract, when.*—Title acquired by limitation, if clearly shown, will be sufficient evidence of right in a vendor to convey, in a suit by him against the vendee for the purchase money, at least when the vendee has gone into possession, even under an executory contract, and has not been disturbed by adverse claims.

Appeal from Brown County. Opinion by Stayton, J.

This suit was brought by the appellee to recover upon the following instrument :

"$400.00.—On or before the first day of January next, 1877. I promise to pay to J. C. Grady or order, for value received, with 12 per cent. interest per annum from date until paid. This note is given for part of the purchase money on a tract of land purchased by me of J. C. Grady and wife, Oct. 11th day 1876.

WILL HUBERT,"

and to foreclose an alleged vendor's lien on 90 acres of land out of the A. Winter survey of 640 acres in Brown county. The instrument was set out in the petition and alleged to be a promissory note. When offered in evidence it was objected to, upon the ground that it was not as alleged, a promissory note, and for the further reason, that it did not evidence a promise to pay any sum of money, nor create any liability upon the part of the appellant. The instrument is not drawn as promissory notes are usually drawn, in that, the statement of the sum to be paid precedes the promise to pay, and in that, the sum to which the promise relates is expressed in figures; but the instrument evidences a clear and explicit promise to pay to J. C. Grady or order four hundred dollars at a named date. This is not a case in which there is a marginal statement in figures, with a blank in the body of the note where the sum to which the promise is intended to apply was intended to be inserted; through which the intention of the maker, as to the sum which he promises to pay, is

left uncertain, or rather wholly omitted. The intention of the maker is clear from the instrument itself, and the court did not err in so holding and in admitting it in evidence.

The instrument was executed to secure the purchase money for ninety acres of land sold by Grady to Hubert at the time the instrument was executed. At the time of the sale, Grady and A. & D. Cheatham claimed as tenants in common three hundred and twenty acres, of which the ninety acres sold was a part, out of a survey of 640 acres patented to heirs of A. Winter in 1861. It was set up in defense of the action that the two Cheatham's were, by agreement between the appellant and appellee, to join the appellee in the execution of the deed to the land agreed to be conveyed, and that the Cheathams had never joined the appellee in the execution and acknowledgement of such a deed as was to be executed; and that on this account there was a defect of title and consequent failure of consideration. It appears that a deed for the land was executed and properly acknowledged by Grady and wife and that it was also signed by the Cheathams, but was not by them acknowledged. There is some conflict of evidence as to whether that deed was ever delivered to the appellee, and the weight of the testimony perhaps shows that it was delivered and left with the clerk of the county court that he might take the acknowledgement of the Cheathams and record it. The Cheathams seem to have had no objection to acknowledging the deed.

Subsequent to the time of making the deed, the Cheathams executed a deed to the appellee for the ninety acres of land, and upon the averments of the appellant that the deed had been destroyed by fire, which did not show when or where destroyed, the appellee tendered to the appellant another deed duly executed by himself and wife with clause of general warranty. The deed to the appellee from the Cheathams enabled him to make title to the appellant as fully as they could have done before that was done. The effect of the deed from the Cheathams was simply to release to the appellee their interest in the common property, practically to affect a partition. The appellant also set up as defense a failure of title in the appellee and the Cheathams, in that, he alleged the land belonged to N. B. Yard. It appears that, in 1852, in the course of the administration of the estate of A. Winter, the land certificate upon which the land was granted was sold, and that through several trans-

fers of the certificate, or of the land located thereby, the same vested in N. B. Yard; but there is no evidence outside of the conveyance to Briggs and Yard, and the partition of this and other land between the estate of Briggs and Yard, that he has ever asserted any title to it, and even in that partition the title of Briggs and Yard, to this tract of land, is declared to be defective. The appellee and the Cheathams bought the land in 1873 from one Gwynn, and in 1874 the deed made to them was duly registered.

The appellee occupied the land continuously from sometime in 1873, paying the taxes due thereon until he sold to the appellant, who at once took possession of it, and has continuously occupied it since that time, paying all taxes due thereon. If the first deed was delivered the contract was executed, and it would be incumbent upon the appellant to show clearly an outstanding superior title to enable him to avoid the payment of the purchase money. This the proof does not sufficiently show. If, as claimed by the appellant, the contract between him and the appellee was never executed, then the land has been held under the deed to the appellee and the Cheathams, with all the attendant facts necessary to perfect the title by five years limitation. This makes at least *prima facie* title in the appellee, and to avoid the payment of the purchase money, when possession has been taken and held undisturbed by the appellant for over six years, and by him and the appellee for more than nine years, it would seem that it would be incumbent upon him to show that some other person has a superior title. Appellant received the possession of the land from the appellee and has appropriated the use of the land to himself, but he makes no offer to account for the value of such use. The patent to the land issued to the heirs of A. Winter in 1861, and though more than twenty years have elapsed since that time, during which time neither Yard nor those through whom his claim arises, have asserted a right, although a hostile possession of the land has existed for near ten years, all of which raises a strong presumption that Yard does not claim the land, or that those through whom the appellee acquired title to the land had the better right. It does not appear that Yard has ever rendered the land for taxation, nor that he has paid the taxes thereon. In 1877 the assessor listed the land as the property of Yard, but for the year that it was so assessed he paid no taxes upon it, and permitted it to be sold.

The certificate upon which the land was granted may have been sold by Winter before his death; or some person through locative contracts by which the entire certificate, which was for 1920 acres of land, was located, may have acquired the title to this particular tract, and that person may be the one through whom the appellee claims, and this is rendered probable by the fact that in the partition between the estate of Briggs and Yard, the title to this tract of land is declared to be defective, and by the further fact that it appears from the affidavit of the appellant, that the deed from the administrator of Winter's estate for the certificate is in the hands of a person not named, who owns a part of the lands granted through the certificate. While a court of equity will not compel a person holding under an executory contract, to pay the purchase money and take a defective title, unless he has purchased with notice of the defect; yet we are of the opinion under all of the facts of this case, that it appears with reasonable certainty that the deed of the appellee passes the title to the land to the appellant. It seems that title acquired by limitation, if clearly shown, will be sufficient evidence of right in a vendor to convey, in a suit by him against a vendee for the purchase money, at least when the vendee has gone into possession even under an executory contract, and has not been disturbed by adverse claims. Chapman v. Lee's administrator, 55 Ala., 622.

It is unnecessary to consider the ruling of the court in admitting in evidence the tax deed; for as the case was tried by the court it could have worked no injury to the appellant, he not showing an outstanding superior title to that which the deed of the appellee conveyed to him.

The judgment is affirmed.