### J. H. Scales v. The State.

#### No. 2942.   Decided November 23, 1904.

**1.—Local Option—Intoxicating Liquor.**

Where the evidence fails to show that the liquor sold was intoxicating, although the sale took place in local option territory, there was no violation of the local option law.

**2.—Same—Malt Extract.**

See opinion containing facts held to be insufficient to sustain a verdict convicting defendant of selling intoxicating liquor in a local option territory.

Appeal from the the County Court of Brazoria. Tried below before Hon. A. E. Masterson.

Appeal from a conviction of violating the local option law; a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*L. J. & W. D. Wilson* and *Roscoe Wilson,* for appellant.—The liquor sold by defendant being a "Malt Extract," and said "Malt Extract" not being a known intoxicant, and all malt liquors not being intoxicating, there must be affirmative proof establishing the fact that said "Malt Extract" sold by defendant was intoxicating as clearly as the fact of sale, or anything else necessary to make out the case. The evidence introduced upon the trial of this case not only utterly fails to affirmatively establish that said "Malt Extract" sold by defendant was intoxicating, but on the contrary shows that it was not intoxicating. Barnes v. State, 44 S. W. Rep., p. 491, in which it is held that all malt liquors are not intoxicating, and that the fact that the liquor sold was intoxicating must be affirmatively established as clearly as any other fact necessary to make out the case. Davis v. State, 37 S. W. Rep., 435; Decker v. State, 44 S. W. Rep., 845; Kemp v. State, 38 S. W. Rep., 987.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of selling Malt Extract, alleged to be an intoxicant, in violation of the local option law. The contention is that the State fails to show by any evidence that Malt Extract was an intoxicant; and the defendant shows that it was not. It is further contended that appellant used all due caution necessary to ascertain that the Extract charged to have been sold by him was not an intoxicant. The evidence discloses that the alleged purchaser, Cochran, at the instance of the sheriff of the county, bought two bottles of the Extract from appellant. Both witnesses (Cochran and the sheriff) testified that it was in bottles something like beer-bottles; looked something like beer and tasted a little like beer; that they drank the Malt Extract, and it did not intoxicate them, but they did

not drink enough to intoxicate. Kelly testified that he drank several bottles of the Malt Extract sold by defendant; that it made him a little sick, and gave him a headache, but did not intoxicate; that defendant sold it openly; kept it on his shelves in his business house; that appellant sold no other liquor, except this, after prohibition went into effect in that territory; that one bottle of this Malt Extract would make him sick at the stomach and give him a headache, and he could not drink it. Appellant testified in his own behalf that he resided at Sandy Point in Brazoria County, and was in the saloon business prior to the local option law going into effect. "That after prohibition went into effect he wanted to get some prohibition drink he could sell without violating the law; that he knew of a drink made by a brewery in Houston, which had been sold in Alvin all the time Alvin had been a local option precinct. That he wrote the Houston Ice and Brewing Company to know if they could sell him a prohibition drink that he could sell without violating the law, and they replied to him that they had such a drink that had been sold in the town of Alvin during all the years in which prohibition was in effect in that precinct; that he sold this drink openly to everybody, and took all the precautions necessary to guard against violating the law in selling this drink, and that he had every reason to believe and did believe that it was not intoxicating." Smith testified that he drank some of the Malt Extract, and did not know whether it was intoxicating or not; that it did not intoxicate him. "That said stuff was more like slop than anything else, and that he did not think it was anything more than beerol, and other drinks sold in Brazoria County since prohibition went into effect." This is about the substance of the testimony. We do not believe the facts show the liquor sold to be intoxicating. Before a party can be convicted of violating the local option law, there must be proven against him not only a sale, but a sale of intoxicating liquors of some character. This is an affirmative fact devolving upon the State to establish before a conviction can be had. There is not only no evidence that this beverage or liquor was intoxicating, but all the facts, both for the State and appellant, seem to be to the contrary. Davis v. State, 36 Texas Crim. App., 393; Decker v. State, 39 Texas Crim. Rep., 20; Kemp v. State, 38 S. W. Rep., 987; Barnes v. State, 44 S. W. Rep., 491.

Because the evidence does not sustain the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*