### DALLAS BREWERY v. HOLMES BROTHERS ET AL.

#### Decided June 27, 1908.

**1.—Account—Illegal Consideration.**

An account for intoxicating liquor sold in a local option county to be retailed in such county, and which account was to be paid with money derived from the sale of said liquor, can not be collected by law.

**2.—Locality—Judicial Knowledge.**

The courts will take judicial notice of the local divisions of the country, as States, counties, cities, towns, and the like, so far as political government is concerned or affected, and of the relative positions of such local divisions, but they will not take notice that particular places are, or are not, in particular counties, unless such place is the county seat of the county.

**3.—Intoxicating Liquor—Judicial Knowledge.**

The courts can not take judicial knowledge that an article sold as "beer" is an intoxicating liquor. It is only such well known beverages as whisky, brandy, gin and the like, that the courts judicially know to be intoxicating.

Appeal from the County Court of Wood County. Tried below before Hon. J. O. Rouse.

*E. A. Tharp,* for appellant.

*Bozeman & Campbell,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellant, Dallas Brewery, on July 15, 1907, filed this suit in the County Court of Wood County, Texas, against the appellees, Holmes Brothers and J. O. Robertson, on a sworn account to recover a balance due in the sum of $528, which was alleged to be a balance due to appellant by appellees for goods, wares and merchandise sold and delivered to defendants, with such other proper and necessary allegations in a suit to recover the balance due on a sworn account, whereby the defendants were liable. On October 7, 1907, the defendants Holmes Brothers answered by general demurrer, general denial, and the defendant W. F. Holmes filed a sworn plea denying a partnership as to Holmes Brothers, the plaintiff having alleged in its original petition a partnership as to the defendants C. C. and W. F. Holmes. On October 23, 1907, the defendants C. C. and W. F. Holmes further answered, C. C. Holmes by an amended original answer, and specially pleading illegality of the sale by plaintiff to himself, that the sale was of intoxicating liquors, to be by him retailed in local option territory, and of which fact the plaintiff had knowledge, wherefore the sale was void, etc. W. F. Holmes adopted the answer of C. C. Holmes. The plaintiff, on October 23, 1907, filed a denial of all of said special answer, and dismissed as to the defendant J. O. Robertson. Upon a trial of the cause before the court a judgment was rendered that the plaintiff take nothing by this suit, and that the defendants recover of the plaintiff their costs, to which judgment the plaintiff excepted, and in due time perfected an appeal to this court.

*Opinion.*—It is contended under the first and second assignments of error that the court erred in not rendering judgment in this case for the plaintiff, Dallas Brewery, against the defendant C. C. Holmes for $528, the amount sued for, because said defendant C. C. Holmes admitted on the trial of the cause that he was indebted to the plaintiff for said amount of money, and had once offered the plaintiff a tract of land in payment. The defendant C. C. Holmes testified as follows: "I owe the Dallas Brewery $528 on this account. I offered to give them a piece of land in payment." He further stated that he ordered the goods from plaintiff and had paid part of it. If the consideration of the account was intoxicating liquors, sold by the plaintiff to defendants in a county or district where local option was in force, then such sale was illegal, and in violation of law, and plaintiff was liable to prosecution for making the sale. The pleading of defendants was that the consideration of the account was the sale by plaintiff to them of intoxicating liquor in

Wood County, in which county local option had been adopted and was in force, and the sale was therefore illegal; that plaintiff sold the liquors to defendants knowing they were to be retailed by them in a county in which local option was in force, and that the account was to be paid out of the monies received by defendants from the sale of the same; that plaintiff instructed defendants how to keep down suspicion and deceive the officers, whose duty it was to see the law was enforced, and aided and abetted defendants in selling the beer in violation of law. It would thus seem that the sale by plaintiff to defendants was not only made in violation of law, but that it was made with knowledge that the purpose of defendants was to retail the liquor in violation of law, that plaintiff aided in the sales, and that the monies for the payment of plaintiff's account were to be derived from such illegal sales. If either of these defenses is sustained by the evidence plaintiff is not entitled to recover. Reed v. Brewer, 90 Texas, 144; Hunstock v. Palmer, 4 Texas Civ. App., 459; Seeligson v. Lewis, 63 Texas, 215; Campbell v. Jones, 2 Texas Civ. App., 264.

The fourth and fifth assignments assail the court's findings of fact as being without evidence to support them, in that there was no evidence that Alba is in Wood County, or that the beer was sold to defendants to be resold by them in Wood County. There is evidence tending to show the sale was made by the plaintiff to defendants at Alba, Texas. The proof shows that local option is in force in Wood County. The evidence does not show that Alba is in Wood County, or that local option is in force in Alba. Nor does the evidence show that the liquor was sold by plaintiff to defendants to be retailed by them in Wood County. The court's conclusions of fact, that Alba is in Wood County, and that local option was in force in Alba, and that the liquors were sold to defendants to be by them retailed in Wood County, are not sustained by the evidence.

It is contended by appellees that the court will take judicial knowledge that Alba is in Wood County. This contention is not sustained. The courts are authorized to take judicial notice of the local divisions of the country, as in States, Provinces, counties, cities, towns, local parishes or the like, so far as political government is concerned or affected, and of the relative positions of such local divisions; but they will not take notice that particular places are, or are not, in particular counties, unless such place is the county seat of a county, in which case they will take notice that such county seat is in that county. Carson v. Dalton, 59 Texas, 502; Missouri, K. & T. Ry. v. Lightfoot, 106 S. W., 395. Alba is not a county seat, and we can not judicially know that it is in Wood County.

Again, there was no proof that beer is an intoxicating liquor. The account sued on was for beer sold by plaintiff to defendants. Appellees insist that the courts judicially know that beer is an intoxicating liquor. The statutes do not name beer as an intoxicating liquor. Article 402 of the Penal Code makes it an offense, punishable by fine, for "any person to sell any intoxicating liquor" in any county, justice's precinct, city or town in which the sale of intoxicating liquor is prohibited under the laws of the State. No decision of our Court of Criminal Appeals has been cited by appellees which directly holds that the courts will take

judicial cognizance that beer is an intoxicating liquor. On the contrary, the holding of that court seems to be that the evidence must show that the beverage sold is an intoxicating liquor. Scales v. State, 47 Texas Crim. Rep., 294; Mayne v. State, 48 Texas Crim. Rep., 93. It is only as to such well-known beverages as whiskey, brandy, gin and the like, that the courts will take notice that they are intoxicating. Rau v. People, 63 N. Y., 278; 23 Cyc., pp. 229-231; 17 Am. & Eng. Enc. Law (2d ed.), p. 200. In the absence of evidence that Alba is in Wood County, or that local option was in force in Alba, and that beer is an intoxicating liquor, the judgment in favor of defendants can not be sustained. The judgment is reversed and the cause remanded.

*Reversed and remanded.*