## CASSIDY–SOUTHWESTERN COMMISSION CO. v. CHUPICK BROS.    (No. 7945.)

(Court of Civil Appeals of Texas. Galveston. Oct. 14, 1920. Appellant's Motion for Rehearing Denied Nov. 4, 1920.)

1. Pleading ⬅️111—Statements averred in affidavit controverting the plea of privilege must be proved.

The fact that a certain town is located in a certain county must not only be averred by plaintiffs in an affidavit controverting a plea of privilege, but they must also, in view of Rev. St. 1911, art. 1903, as amended by Laws 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), produce evidence to establish such averment.

2. Evidence ⬅️10(2)—Judicial notice not taken of location of towns.

Judicial notice will not be taken that a certain town is in a certain county, where it is not shown to be a county seat.

3. Appeal and error ⬅️1177(2)—Cause remanded on reversal of judgment overruling plea of privilege.

On reversing an order overruling a plea of privilege, where it is apparent from the record as a whole that proof of the location of a certain town can be supplied, the correctness of the decision of the case being dependent upon the location of such town, the cause will be remanded for a trial upon that issue so that the case may be fully developed.

Appeal from District Court, Fayette County; M. C. Jeffery, Judge.

Action by Chupick Brothers against the Cassidy-Southwestern Commission Company. From an order overruling its sworn plea of privilege to be sued in the county of its domicile, defendant appeals. Reversed and remanded.

E. H. Moss, of La Grange, and B. L. Agerton and Bryan, Stone & Wade, all of Ft. Worth, for appellant.

C. D. Krause, of La Grange, for appellee.

GRAVES, J. This appeal is from an order overruling appellant corporation's sworn plea of privilege to be sued in Tarrant county, the county of its domicile. The venue was laid against it in Fayette county under allegations that it had both committed a fraud upon the plaintiffs in the suit and a trespass upon their property at Ellinger, in Fayette county; but there was no proof that Ellinger was located in Fayette county.

[1] While that fact was averred by the plaintiffs in an affidavit they filed controverting the plea of privilege, they were also, in view of the amendment of 1917 (Laws 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]) to article 1903 of our Revised Statutes, under the further duty of producing

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

evidence to establish it. Ray v. Kimball, 207 S. W. 353.

[2] Moreover, as the town of Ellinger was not shown to be a county seat, no facts appear from which this court might presume that it was in Fayette county. Dallas Brewing Co. v. Holmes Bros., 51 Tex. Civ. App. 514, 112 S. W. 122–124; M. K. & T. Ry. Co. v. Lightfoot, 48 Tex. Civ. App. 120, 106 S. W. 395–399.

[3] This being the situation as presented here, this court is unable to affirm the judgment overruling the plea. Since it is apparent from the record as a whole, however, that proof of the location of Ellinger can be supplied, an instance of failure to fully develop the case is before us, and the cause will be remanded for trial upon that issue. Hayes v. Penney, 215 S. W. 571.

The judgment is reversed, and the cause remanded.

Reversed and remanded.