## UNIVERSAL TRANSPORT & DISTRIBUTING CO. v. RAMOS.

### No. 8762.

Court of Civil Appeals of Texas. San Antonio.

March 9, 1932.

Rehearing Denied April 6, 1932.

See, also, 47 S.W.(2d) 857.

R. H. Mercer and R. L. House, both of San Antonio, for appellant.

Gus L. Kowalski and E. H. Crenshaw, Jr., both of Kingsville, for appellee.

FLY, C. J.

This is a suit for damages instituted by appellee against appellant, alleged to have arisen from a negligent collision of appellant's truck with another in which appellee was riding. Appellant filed a plea of privilege to be sued in Nueces county. The plea was controverted, and the court heard and denied it.

The plea of privilege was filed on January 2, 1931, and the court adjourned on January 15, 1931. The plea of privilege was not heard at that term, but was continued by the court until the May term, 1931. There was no evidence whatever tending to show that the truck to which the trailer was attached which struck appellee's truck was the property of appellant. The only evidence, on the subject of the collision being a crime, offense, or trespass, was the testimony of Victor Ramos, who testified as follows:

"My name is Victor Ramos. I know Bernardina Ramos. She is my sister. In the latter part of October, 1929, my sister and I were riding in a truck near Kingsville. Our truck was going north. An unusual occurrence took place that night. They gave us a lick, a knock. It was a trailer that gave us a lick or a knock. The trailer was going north. The trailer was attempting to pass us. I know how the trailer came to strike us. It caught up to us and gave us a lick to one side and sort of angled in front of us.

"My sister was injured in that collision. Our truck turned over when the trailer struck it. My sister had her ribs hurt. I saw what kind of trailer it was and who was operating it also. A negro was operating the trailer. It was a Universal trailer. That happened in Kleberg County. The driver of the truck and trailer did not stop and give us assistance. He went on."

Appellee admits that the burden of showing that a crime, offense, or trespass was committed in Kleberg county rested upon her. The change of venue should have been granted.

The judgment is reversed, and the venue changed to Nueces county. The clerk of the district court of Kleberg county is instructed to prepare the necessary papers, as required by the statute, and send the same to the clerk of the district court of Nueces county.