### CONNER v. MANNING.
### No. 2272.

Court of Civil Appeals of Texas. Beaumont. Nov. 3, 1932.

Adams & McAlister, of Nacogdoches, for appellant.

Denman & Fowler, of Nacogdoches, for appellee.

LAWHON, J.

Appellee brought this suit against appellant in the county court of Nacogdoches county, alleging that appellant resided in Leon county, Tex. For cause of action it was alleged that a truck owned by appellee was being driven on a highway about a mile west of Douglas, Tex., on or about March 19, 1931, and that appellant was riding in a Dodge car on this date, same being driven by his daughter under his direction. It was stated that the daughter was appellant's agent, servant, and employee on this occasion. It was further alleged that as appellee's truck was about half way across a bridge, appellant's car came down a hill and ran directly into the truck and that no attempt was made by the driver of appellant's car to avoid the collision; that as a result of the collision appellee's truck was totally destroyed, to his damage in the sum of $315. Appellant filed a plea of privilege claiming the right to be sued in Leon county, where he resided, and his plea also alleged that no exception to exclusive venue in Leon county existed. Appellee contested the plea, making practically the same allegations as made in his original petition, upon which the cause was heard. The court tried the issue raised by the plea of privilege and controverting answer but did not try the case on its merits, and, at the conclusion of the testimony, the court overruled appellant's plea, and this appeal is based solely on this judgment.

The appellee introduced only one witness, and his testimony in full was as follows:

"Q. What is your name? A. Morgan Hill.

"Q. Were you driving a truck for Mr. Manning some time last spring? A. Yes sir.

"Q. Do you remember the date? A. No sir.

"Q. Wasn't it about March 19th, of last year? A. Yes sir.

"Q. Where were you driving from? A. I was driving from Alto to Douglas.

"Q. I will ask you whether or not the accident occurred on that date? When you were on that road? A. What did you say?

"Q. About where did the accident occur? Tell the court now in your own words what happened? A. Well, I got on this bridge about three-fourths on the way across and a woman came right straight on.

"Q. What bridge was it? A. I started across Caney Creek bridge about one-half mile the other side of Douglas.

"Q. Which way were you driving? A. West.

"Q. Which way was the woman driving? A. She was driving East on the Douglas highway.

"Q. Tell the court what happened. A. And I was about three-fourths of the way across the bridge when she ran into me.

"Q. She came on the bridge and ran into your car? A. Yes sir, she ran into my car.

"Q. She ran her car into yours? A. Yes sir."

Appellant contends that the evidence is insufficient to maintain venue in Nacogdoches county, and we are of the opinion that this contention should be sustained. When a plea of privilege is controverted, as provided in article 2007, R. S. 1925, the burden rests upon the plaintiff to establish by competent evidence that suit has been brought in the proper county. Johnson v. Dallas Cooperage & Woodenware Co. (Tex. Com. App.) 34 S.W.(2d) 845; A. B. Richards Medicine Co. v. Mullens (Tex. Civ. App.) 272 S. W. 516; World Co. v. Dow, 116 Tex. 146, 287 S. W. 241. Appellee was attempting to fix venue in Nacogdoches county under subdivision 9, art. 1995, R. S. 1925, which provides that suits based upon a trespass may be brought in the county where the "trespass was committed, or * * * where the defendant has his domicile." It was alleged that appellant resided in Leon county. It was, therefore, necessary for appellee to show that the alleged trespass was committed by appellant in Nacogdoches county. The evidence merely disclosed that a woman driving a car ran into plaintiff's truck on a bridge across Caney creek about half a mile west of Douglas, Tex. The evidence does not attempt to connect appellant with the woman driving the car. In Harrison v. Amador (Tex. Civ. App.) 9 S.W.(2d) 279, the court said: "As to the other appellants, H.

T. Harrison and M. E. Harrison, there was no proof that Snodgrass was their agent, nor that they owned any interest in the truck, nor that they were in any way responsible for the accident and the resulting damages; and the trial court should have sustained their respective pleas of privilege. It is not proper on a plea of privilege hearing to try the case on its merits, but in this case it was incumbent upon appellees, after the pleas of privilege had been filed, to have alleged and proved that each of the appellants was at least jointly and severally responsible for the trespass which occurred in Williamson county, in order to have maintained venue in that county against each of them."

There are numerous cases holding that a plaintiff who seeks to hold a defendant in a county other than the one in which he resides must introduce proof showing a bona fide cause of action in the county where venue is sought to be laid. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Johnson v. Dallas Cooperage & Woodenware Co. (Tex. Com. App.) 34 S.W.(2d) 845; De Mars v. Montez (Tex. Civ. App.) 277 S. W. 402.

It was alleged that appellant was in the car and directing its operation and that his daughter was driving, she, at the time, being his agent, servant, and employee. The allegations contained in the petition and the controverting affidavit were not proof of the facts stated. Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Benson v. Travelers' Ins. Co. (Tex. Civ. App.) 40 S.W.(2d) 966.

It was necessary for appellee to both plead and prove that the trespass was committed in Nacogdoches county. The petition alleged that the collision occurred about one mile west of Douglas, Tex., but it is not alleged that this place is in Nacogdoches county. Douglas is not a county seat and this court does not judicially know its location. M., K. & T. R. Co. v. Lightfoot, 48 Tex. Civ. App. 120, 106 S. W. 395; Dallas Brewery v. Holmes, 51 Tex. Civ. App. 514, 112 S. W. 122. In World Co. v. Dow, 116 Tex. 146, 287 S. W. 241, 242, the Commission of Appeals quoted from Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896, as follows: "To deprive a defendant of the right of trial in the county of his domicile, the case against him must be within an exception to article 1830 of the Revised Statutes. With the venue challenged, under proper plea, by one sued without his county, as shown by the plaintiff's pleading or by proof, the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff."

There being neither pleading nor proof that appellant committed the trespass alleged in Nacogdoches county, we reverse and remand the cause with instructions to the trial court to transfer the cause to Leon county, Tex.

Reversed and remanded, with instructions.