ÆTNA LIFE INS. CO. v. McIVER.

No. 1391.

Court of Civil Appeals of Texas. Waco.
Oct. 12, 1933.

Rehearing Denied Dec. 14, 1933.

Fulbright, Crooker & Freeman, of Houston, for appellant.

Brownlee & Brownlee, of Madisonville, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by J. M. McIver, appellee herein, against Ætna Life Insurance Company, appellant herein, in the county court of Madison county, to recover the sum of $371.98 which he alleged was due him by the terms of an insurance contract between him and appellant for temporary total disability resulting from accident. The suit was filed May 27, 1932. Counsel for appellee presented at the time of such filing a citation prepared by them, requiring appellant to answer in said suit at a regular term of the county court of said county to be held on the first Monday in July, 1932; same being the 4th day of said month. Such citation was duly issued by the clerk and served upon appellant. On the 1st day of July, 1932, appellant filed a plea of privilege in statutory form, in which it alleged that it resided in Harris county and asked that the suit be transferred to that county for trial. Appellant, at the same time, subject to said plea, filed its original answer in the cause. Appel-

lee did not file any affidavit controverting said plea. It is conceded that no term of the county court of Madison county for civil business was held at the time said citation was made returnable. There is no affirmative evidence that the commissioners' court of said county had ever made an order providing for a July term of such court, nor that such a term had ever been held. It is further conceded that a term of said court was held beginning on the first Monday in August, 1932, same being the 1st day of said month, and that the proceedings shown by the transcript herein were had during such term. Appellant, on the 1st day of August, 1932, filed in the cause its first amended plea of privilege and answer. Appellee, on August 2, 1932, filed its affidavit controverting appellant's amended plea of privilege. Appellant, on August 16, 1932, filed a motion to strike said controverting affidavit on the ground that the same was not filed within five days after the return day of said purported July term of said court. On the hearing of said plea the county clerk produced in open court the minutes of the commissioners' court of said county and read therefrom an order of said court made at the May term, 1932, thereof, directing that the county court be held in said county on the first Monday in February, May, August, and November, respectively, in each year. The witness testified that she was present in court when said order was made. The court overruled said motion.

Appellant presents assignments of error in which it complains of the action of the court in overruling said motion to strike appellee's controverting affidavit. The Constitution of this state and the statutes enacted in pursuance thereof provide, in substance, that the county court shall hold at least four terms for both civil and criminal business annually, and such other terms each year as may be fixed by the commissioners' court, and that, unless otherwise provided, such terms shall be held on the first Monday in February, May, August, and November in each year. Constitution, art. 5, § 29; R. S. art. 1961, as amended by Acts 1929, 1st Called Sess., c. 48, § 2 (Vernon's Ann. Civ. St. art. 1961). The holding of a term of the county court of said county beginning on the first Monday in August, 1932, was in accord with the provisions of the Constitution, the statutes, and the order of the commissioners' court. A controverting affidavit is required by the statute to be filed within five days after appearance day. R. S. art. 2007. The first appearance day after the filing of this suit was August 2, 1932, and appellee filed his controverting affidavit on that day. The court did not err in refusing to strike such affidavit from the record.

Appellee alleged that appellant, Ætna Life Insurance Company, was a corporation, duly incorporated under the laws of the state of Connecticut, with permit to do business in this state; that under the authority of such permit it was engaged in general life and accident insurance business; that W. M. Keller, of Palestine, Anderson county, was its agent and representative; that he was duly authorized to sell insurance and receive and receipt for the premiums therefor; that appellant, on the 3d day of November, 1931, acting by and through said agent, in consideration of $10 premium then and there paid by appellee, agreed to insure and did insure him against total disability from injuries received in connection with or as the result of the operation of automobiles; that the indemnity agreed to be paid him for total disability was $25 per week during the duration thereof. He further alleged that said agent at that time prepared a written application for such insurance; that he signed the same; that said agent was then and there authorized to accept and did accept such application; that said agent was then and there authorized to agree and did agree with him, in consideration of the premium as aforesaid, that said insurance should take effect immediately and continue in full force and effect for one year after said date; that said transaction between him and said agent consummated a contract of insurance and constituted a policy of insurance; that said agent agreed within a few days to deliver to appellee a further policy in writing in accordance with the contract of insurance agreed upon, but that defendant never delivered such further evidence of insurance during the period of his disability, as thereinafter alleged. He further alleged that on the 5th day of November, 1931, while riding in his private automobile and operating the same in a careful manner, his automobile was struck by another car, and that he received as a result of such collision certain serious injuries to his person; that he was totally disabled for a period of sixty-eight days and was entitled by the terms of his contract of insurance with appellant to the sum of $25 per week for and during such period. He further alleged that he resided in Madison county, Tex., that said accident occurred and said injury was received in Freestone county, Tex., but that within a few hours thereafter he was removed to his home in Madison county and there remained during the total period of his disability. Appellee repeated in his controverting affidavit the material allegations of his amended petition on the issue of venue and claimed the right to maintain his suit in said county on the following grounds:

(a) That he resided in Madison county, and that his suit was against a life insurance or accident insurance company to recover on a policy issued by it, and that he was entitled, under subdivision 28 of the article of our statutes (article 1995) regulating venue, to maintain such suit in the county of his residence,

or in the county where the loss occurred, at his election. He further alleged in that connection that such suit was to recover indemnity for loss of time, and such loss, beginning within an hour or two after his injuries, was sustained by him while confined to his home in said county.

(b) That appellant was a foreign corporation, doing business within the state, and that he was entitled, under subdivision 27 of said venue article, to maintain this suit in the county in which his cause of action, or a part thereof, arose, and that such cause of action, or a part thereof, arose in Madison county.

Appellee alone testified at the hearing on said plea of privilege and controverting affidavit. He testified that he resided in Madison county and had so resided all his life; that on the 3d day of November, 1931, he paid appellant for accident insurance; that it issued a written policy of accident insurance, but not a policy in regular long form; that he paid Mr. Keller, in Palestine, Anderson county, Tex., $10 for such insurance; that said Keller told him it was an automobile accident policy and covered all kinds of accidents; that Keller made out an application and he signed it; that Keller told him that he could not write the policy; that he would have to send the application to Dallas, but that the policy would be mailed to him and he would get it at Madisonville the next day; that he told Keller he did not want that kind of a policy and, if it did not cover liability immediately, he did not want it; that Keller replied that the policy was good right then and that the application was a part of the policy; and that he thereupon paid him the premium. He further testified that on the 5th day of November, 1931, he was injured in an automobile accident in Freestone county; that he was immediately removed to his home in Madisonville; that he was in bed five weeks and disabled for four months; that he remained in Madisonville until he had entirely recovered; that Keller had told him he would receive $25 per week while so disabled. Appellee testified on cross-examination that Keller told him that his insurance would cover any kind of an automobile except big six-wheel trucks, but would not cover injuries received on a horse. Appellee further testified on direct examination that appellant never at any time during the period of his disability sent him the written policy promised by Keller, and on cross-examination that it did thereafter send him a policy. The application prepared by Keller and signed by appellee was not introduced in evidence. Neither was there any testimony concerning the contents thereof. The policy above referred to was not introduced in evidence. Neither was there any testimony concerning the contents thereof.

The court, after hearing the testimony as aforesaid, overruled the plea of privilege.

This appeal is prosecuted from such order alone; no trial on the merits having been had.

Appellant presents various assignments in which it complains of the action of the court in overruling its plea of privilege. The principal contention urged under said assignments is that the evidence submitted by appellee in support of the allegations of his controverting affidavit is wholly insufficient to sustain such action. Appellant's plea of privilege was in statutory form. It devolved upon appellee to prove affirmatively facts showing that he had a bona fide cause of action and that suit thereon could be properly maintained in Madison county under one or more of the provisions of article 1995 of our Revised Statutes, relating to venue. San Angelo Progressive Local Mutual Aid Ass'n v. Keel (Tex. Civ. App.) 40 S.W.(2d) 858, pars. 1 and 2; Conner v. Manning (Tex. Civ. App.) 54 S.W.(2d) 249, 251, par. 3, and authorities there cited; Eckert-Burton Const. Co. v. Board of School Trustees (Tex. Civ. App.) 51 S.W.(2d) 642, 643, par. 2. The whole of the testimony on this issue has been hereinbefore set out. The purported contract of insurance sued on by appellee was based on a transaction between him and one Keller. It devolved upon appellee to show prima facie at least the validity of such contract. Such showing required affirmative testimony that Keller was appellant's agent and that he had authority for and in behalf of appellant to then and there consummate the contract of insurance claimed and relied upon by appellee. Brown v. Cox (Tex. Civ. App.) 53 S.W.(2d) 848, 850, par. 7; C. & S. Sporting Goods Co. v. Brady Independent School Dist. (Tex. Civ. App.) 54 S.W.(2d) 1033, 1034, par. 4, and authorities there cited; Conner v. Manning, supra, 54 S.W.(2d) 249, page 250, par. 2; Pounds v. Marler (Tex. Civ. App.) 50 S.W.(2d) 382, 384, top first column; Sims v. Callihan (Tex. Civ. App.) 39 S.W.(2d) 153, 158, par. 8; Id. (Tex. Civ. App.) 40 S.W.(2d) 869. The relation of agency is the consensual relation existing between two persons by virtue of which one of them is to act for and in behalf of the other and subject to his control. 2 Tex. Jur. p. 384, § 5. The law never presumes agency; and, where the fact of agency is controverted, the burden of proof is on the one relying upon its existence. Tarver, Steele & Co. v. Pendleton Gin Co. (Tex. Civ. App.) 25 S.W.(2d) 156, 158, par. 3, and authorities there cited. The allegations of appellee's controverting affidavit assert actual authority on the part of Keller to enter into the contract declared upon, and are wholly insufficient to raise an issue of apparent authority, which is based on the doctrine of estoppel. Lane v. Sullivan (Tex. Civ. App.) 286 S. W. 541, 542, pars. 2 and 3; Tarver, Steele & Co. v. Pendleton Gin Co., supra, 25 S.W.(2d) page 159, pars. 4, 5, and 6. There are two well-recognized

classes of insurance agents. One class consists of those agents who have authority from the company to accept risks, agree upon and settle the terms of insurance contracts, and countersign and issue policies furnished to them by the company for the purpose of evidencing the contracts made by them. 32 C. J. 1065, § 142. The other class consists of those agents who have authority from the company only to solicit insurance, submit applications therefor, and perform such acts as are incident to that power. Such agents may bind the company by agreements and representations properly made in connection with the application for insurance, but ordinarily have no authority to bind it by attempted acts or contracts in its behalf relating not to the taking of the application, but to the subsequent contract of insurance. R. S. art. 5063; 32 C. J. 1067, § 145; Home Benefit Ass'n v. Griffin (Tex. Civ. App.) 10 S.W.(2d) 568, 571, pars. 2 and 3.

■■ Assuming, without deciding, that the testimony in this case was sufficient, under the authorities above cited, to raise an issue of agency, it cannot be reasonably contended that it tended to show that Keller was anything more than a mere soliciting agent. Such an agent has no implied power to consummate a contract of insurance. Missouri State Life Ins. Co. v. Boles (Tex. Civ. App.) 288 S. W. 271, 273, par. 1. Appellee testified that Keller told him he could not issue the policy, that he would have to send the application to Dallas, and that the policy would be mailed to appellee at Madisonville. Appellee contends that his alleged contract of insurance was partly oral and partly written. His testimony shows that an application was filled out by Keller and signed by him. Such application was not introduced in evidence. Neither was there secondary proof of its contents. There was nothing tangible before the court except the purported oral contract. A prerequisite to the validity of such a contract of insurance by a soliciting agent is proof of special authority to consummate the same. Missouri State Life Ins. Co. v. Boles, supra, 288 S. W. page 273 et seq.; Beaty v. Southland Life Ins. Co. (Tex. Civ. App.) 28 S.W. (2d) 895, 898, pars. 4 and 5, and authorities there cited; Great American Casualty Co. v.

Eichelberger (Tex. Civ. App.) 37 S.W.(2d) 1050, 1052 et seq.; Knodel v. Equitable Life Ins. Co. (Tex. Civ. App.) 193 S. W. 1138; Jones v. Great Southern Life Ins. Co. (Tex. Civ. App.) 289 S. W. 450; Patterson v. Prudential Ins. Co. (Mo. App.) 23 S.W.(2d) 198, 201, par. 1. Such proof is wholly lacking in this case, and, appellee having failed to prove even prima facie a valid and enforceable cause of action, the court erred in overruling appellant's plea of privilege. In the case of Pacific Mutual Insurance Co. v. Shaffer, 30 Tex. Civ. App. 313, 70 S. W. 566, cited by appellee, the agent who made the contract of insurance testified in the case and stated affirmatively that he had power to insure the applicant and to issue a policy to him. In the case of Cohen v. Continental Fire Ins. Co., 67 Tex. 325, 3 S. W. 296, 60 Am. Rep. 24, also cited by appellee, the court held that, while an agent authorized to contract might agree by parol to renew a fire insurance policy, the agent in that case was a mere soliciting one, and that he could not waive default in the payment of a premium. The case of Dalton v. Norwich Union Fire Ins. Society (Tex. Com. App.) 213 S. W. 230, also cited by appellee, merely holds that insurance agents having authority to contract for insurance have power to issue a binding memorandum for further insurance. The only other case cited by appellee in this connection is Great Southern Life Ins. Co. v. Dolan (Tex. Civ. App.) 239 S. W. 236. That case recognizes and reiterates the rule that a contract of insurance may be made by parol, and a recovery in favor of the beneficiary of the insured was affirmed. The Supreme Court, however, granted a writ of error and referred the case to the Commission of Appeals, which held that the testimony was insufficient to establish a contract with the agent susceptible of ratification or upon which the company could be held liable by estoppel. 262 S. W. 475. None of said authorities sustain appellee's contention that the testimony in this case was sufficient to show an enforceable contract of insurance.

The judgment of the trial court overruling appellant's plea is reversed for lack of sufficient evidence to justify such action, and said plea remanded for further hearing.