### DISMUKES v. HEMPEL.
### No. 2884.

Court of Civil Appeals of Texas. Beaumont.
Jan. 23, 1936.

Rehearing Denied Feb. 19, 1936.

Touchstone, Wight, Gormley & Price, of Dallas, and Smith, Smith & Boyd, of Beaumont, for appellant.

R. H. Jernigan, of Port Arthur, for appellee.

O'QUINN, Justice.

This is an appeal from an order overruling a plea of privilege.

Appellee, a minor, suing by her father as next friend, sued appellant to recover damages for personal injuries alleged to have been received by her in a collision between an ambulance belonging to appellant, and an automobile in which she was riding with her father. Briefly and in effect she alleged that the collision occurred in the city of Port Arthur, Jefferson county, Tex., on August 26, 1928, at the intersection of Seventh street and San Augustine avenue; that on said date she was riding in an automobile with her father on Seventh street approaching San Augustine avenue, which intersected at right angles; that they stopped their car on the right-hand side of Seventh street; that they were waiting for another car coming toward them to pass before they turned down San Augustine avenue; that the ambulance of appellant, operated by one of its agents and servants, drove around the approaching automobile and struck the car in which she was sitting, severely injuring her back, head, and limbs; that the muscles, tendons, and ligaments of her whole body were bruised, strained, and injured; and that at all times since said collision she has suffered sick headaches, and severe backaches, and that she cannot exert herself without her back and head severely paining her, and that all of which injuries are permanent. She also alleged that she was twelve years old at the · time of the collision, and strong and healthy, but that as a result of her said injuries she has continuously and will always continue to suffer great mental and physical pain, to her damage in the sum of $25,000. She alleged that the collision resulted from the negligent acts of appellant (a) in operating its ambulance on and over Seventh street in the city of Port Arthur, Tex., at a rate of speed in excess of twenty miles per hour, when same was not in response to an emergency call, but while returning empty upon the highway from a trip to the city of Beaumont, Tex.; (b) in driving the ambulance on the left side of the street approaching a public crossing in said city of Port Arthur and thus causing it to collide with the standing automobile in which she was sitting, said standing automobile being then and there on its proper side of the street; (c) in operating said ambulance at the time and place at a rapid and dangerous rate of speed in violation of the laws of the state of Texas regulating the operations of motor vehicles on and over public highways in said state; and (d) in operating said motor ambulance without it being properly equipped with brakes sufficient to control the movements of said ambulance and not sufficient to stop same within a reasonable distance; and that each and all of said acts of negligence proximately caused the collision and the injuries of appellee. ,

Appellant duly filed his plea of privilege to be sued in the county of his residence which he alleged was Kerr county, Tex.

Appellee filed her controverting affidavit, in which she alleged that appellant, at the time of the collision, was engaged in and was operating an undertaking business in the city of Port Arthur, Jefferson county, Tex., and, as such, operated his ambulance service on and over the streets of said city on August 26, 1928, and that the acts of appellant of which she complained were done and committed in Jefferson county, Tex., resulting in her injuries, and by special plea made her original petition a part of her controverting affidavit.

Upon hearing, her father fully testified as to the facts of the collision, and negligence of appellant, supporting the allegations in appellee's petition. His testimony that the ambulance which collided with his car in which his daughter, appellee herein, was riding, was an active motor ambulance of appellant was corroborated by the testimony of the witness Jernigan, who testified that appellant told him that he, Dismukes, owned and operated the undertaking business.

Appellant offered no evidence.

The court overruled the plea of privilege, and this appeal is from that order.

Appellee's petition alleged a cause of action against appellant. The evidence on the hearing of the plea of privilege sufficiently supported the allegations in appellee's petition to show jurisdiction in Jefferson county. The judgment is affirmed.