### LYNCH et al. v. ROBINSON.
### No. 10179.

Court of Civil Appeals of Texas. Galveston.
Jan. 30, 1936.

Collins & Fairchild, of Lubkin, and Lightfoot & Robertson and Nelson Scurlock, all of Fort Worth, for appellants.

GRAVES, Justice.

This appeal is from an order of the district court of Houston county overruling separate pleas of privilege of Bill and Eugie Lynch to be sued in Rains county, where they resided, in a suit whereby the appellee sought to hold them for damages as the result of a collision in Houston county between two trucks, one of which was alleged to belong to himself but was being driven by his employee on an unimproved highway, while the other was alleged to have ben owned by the appellants but was being driven by their servant acting within the scope of his employment for them. The accident was averred to have proximately resulted from certain acts of alleged negligence on the part of the person driving the latter truck.

The appellee in a controverting affidavit challenged the pleas of privilege under practically the same averments as those contained in his original petition, specifying that the venue had been laid in Houston county under the provisions of R.S. art. 1995, subd. 9. After a hearing upon the issues thus raised, the court overruled the two pleas of privilege.

After going into the record, this court finds the evidence wholly insufficient to have made out even a prima facie cause of action for trespass against either of the appellants, hence reverses the judgment and directs the transfer of the cause to the county of the residence of them both. In addition to the stated pleadings, the evidence consisted of the testimony of only one witness, the driver of the appellee's truck on the occasion, who was merely able to say that he had a collision out there of some kind but did not know whose truck it was with; that he knew the driver of the other truck and had known him around there for several years.

While there were further details given as to how the accident happened and under what circumstances, there is no proof whatever either that the truck that collided with the one driven by him was owned by either of the appellants, or that the driver of it was an employee of either one of them, or even that such driver was acting at the time in the course of his employment for anybody; neither is there any showing whatever that either of the appellants are in any way connected with Lynch Brothers, who as such were alleged to have owned the truck that collided with the appellee's.

Since the appellee grounded his suit upon the charge that a trespass had been committed against him by the appellants in Houston county, the burden was upon him to show at least a prima facie cause of action against them on that charge in that county in order to overcome their pleas of privilege, which obviously he failed to meet. Robbins v. McFadden ·(Tex.Civ. App.) 61 S.W.(2d) 1032; Conner v. Manning (Tex.Civ.App.) 54 S.W.(2d) 249; Universal Transport & Distributing Co. v. Ramos (Tex.Civ.App.) 47 S.W.(2d) 857; Jones v. Womack-Henning & Rollins (Tex. Civ.App.) 53 S.W.(2d) 635; Perry v. Wood (Tex.Civ.App.) 25 S.W.(2d) 650; Harrison v. Amador (Tex.Civ.App.)·9 S. W.(2d) 279; Eidermann v. Hansen (Tex. Civ.App.) 285 S.W. 847.

The judgment is reversed, and the cause remanded, with instructions to the trial court to sustain the pleas of privilege and transfer the cause to Rains county.

Reversed and remanded, with instructions.