## WACO COTTON OIL MILL OF WACO v. WALKER.

### No. 1876.

Court of Civil Appeals of Texas. Waco.

March 4, 1937.

Rehearing Denied April 15, 1937.

Cantey, Hanger & McMahon and J. A. Gooch, all of Fort Worth, for appellant.

Martin & Allred, of Hillsboro, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from an order of the district court overruling a plea of privilege. Appellee, D. B. Walker, alleged in his original petition that, while traveling, in his automobile upon a public highway in Hill county, Tex., a truck belonging to appellant, Waco Cotton Oil Mill, and then and there operated by one of its employees, was willfully and negligently turned, or

1072

permitted to turn, from the right side of the highway upon which it was being operated, to the left side, and against and onto appellee's automobile, and that, as a result of such impact, he suffered injuries to his person and damage to his automobile, for which injury and damage he sought to recover the sum of $5,000. Appellant filed a plea of privilege in statutory form. Appellee filed his controverting affidavit, in which he sought to maintain venue in said county on the ground that his suit was based on a trespass committed in Hill county. In that connection he alleged that appellant's employee committed various acts which constituted active negligence, which acts proximately caused the injury and damage sustained by him.

Appellee, at the hearing on appellant's plea of privilege, testified that he was traveling northward in his automobile on his right-hand side of the road about three miles south of Hillsboro; that a man operating a truck coming south turned to his right while passing a car directly in front of appellee, and immediately turned back to the left and struck appellee's car, which was still on the east or right-hand side of the road; that the collision caused the injury and damages alleged in his original petition and controverting affidavit. Appellant formally introduced his plea of privilege in evidence, but introduced no further testimony. The court overruled the plea of privilege. The testimony nowhere disclosed the ownership of said truck, the identity of the man operating the same, his relation, if any, to such owner, nor the purpose for which the same was being operated at the time.

Opinion.

The venue article of our Revised Statutes relied on by appellee to show his right to maintain this suit in Hill county is, in part, as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense or trespass was committed." R.S. art. 1995, subd. 9; 43 Tex.Jur. p. 734 et seq., § 21 et seq. The gist of a trespass is the doing of an unlawful act or the doing of a lawful act in an unlawful manner to the injury of the person or property of another. 41 Tex.Jur. p. 410; Texas Auto Co. v. Clark (Tex.Civ.App.) 12 S.W.(2d) 655, 657, par. 6. The commission of a trespass therefore necessarily involves an actor and injury or damage done by him to the person or property of another resulting from his action.

To constitute a trespass, the injury must result from an affirmative act of the party committing the same. In the case of injury resulting from the operation of a motor vehicle, if the petition seeks recovery because of the mode of operation of the car or truck, it is held to charge a trespass. 41 Tex.Jur. p. 412, § 4.

To sustain venue in a county other than the residence of the defendant on the ground that the cause of action asserted is based on a trespass, the plaintiff must show that the act complained of was committed in the county where such suit is pending, and that it was of such a nature as to constitute a trespass. Proof of the fact of the commission of the trespass is as essential as proof of the place where it was committed. Such proof must therefore include evidence of each element of the trespass and must be such as would support a finding by the jury for the plaintiff on the issue. 43 Tex.Jur. p. 857, § 115. One of the essential elements of an action for trespass is the responsibility of the defendant for the injury or damage resulting therefrom. 5 Tex.Jur. p. 753, § 140.

Appellee alleged that the truck which struck his car was owned by appellant and operated by one of its employees. While ownership of the truck was not necessarily essential to the liability of appellant if it was being operated by one of its employees within the scope of his employment, nevertheless such ownership, if proved, was a circumstance which, together with others, might support an inference that appellant was responsible for any injury inflicted in its operation at the time. 5 Tex.Jur. p. 755 et seq., §§ 140 and 141; 43 Tex.Jur. p. 856, §§ 114 to 116, inclusive. See further in this connection: Compton v. Elliott, 126 Tex. 232, 88 S.W.(2d) 91, 93 et seq., pars. 2 to 5, inclusive; Ballard v. Shock (Tex.Civ.App.) 91 S.W.(2d) 385, 388, pars. 5 to 7, inclusive; Weber v. Reagan (Tex.Civ.App.) 91 S.W.(2d) 409, 410, pars. 4 to 9, inclusive; Lynch v. Robinson (Tex.Civ.App.) 91 S.W.(2d) 478; Dismukes v. Hempel (Tex.Civ.App.) 91 S.W. (2d) 770; Straus-Bodenheimer Co. v. Marshall (Tex.Civ.App.) 91 S.W.(2d) 865; Dillingham v. Cavett (Tex.Civ.App.) 91 S. W.(2d) 868, 869, pars. 1 and 2; Martin v. Turnbow (Tex.Civ.App.) 96 S.W.(2d) 730; Douglas v. Williams (Tex.Civ.App.) 83 S. W.(2d) 686, 687, par. 3; Grayson v. Cate (Tex.Civ.App.) 95 S.W.(2d) 194, 196, par. 2; City of Dilley v. Black (Tex.Civ.App.)

95 S.W.(2d) 732. Since the testimony introduced by appellee failed to show any connection on the part of appellant with the ownership or operation of the truck that inflicted the injury and damage for which he sought to recover, or any responsibility on the part of appellant therefor, appellee failed to prove an essential element of his action against appellant for a trespass. The judgment of the court overruling the plea of privilege is therefore reversed, and such plea is remanded for another hearing.