## NICHOLS BROS. AUTO RENT SERVICE v. PUNCHARD.

### No. 1996.

Court of Civil Appeals of Texas. Waco.

March 17, 1938.

Clark & Rice, W. D. White, and Russell V. Rogers, Jr., all of Dallas, and Fred Hartley, of Waco, for appellant.

W. A. Morrison, of Cameron, and Gene McNamara, of Waco, for appellee.

ALEXANDER, Justice.

This suit was brought in McLennan county by Lloyd Punchard against Nichols Brothers Auto Storage & Taxicab Company, a corporation with its domicile in Dallas county, to recover damages for personal injuries received by plaintiff as the result of an automobile collision on a public highway in McLennan county. The defendant has appealed from the ruling of the trial court in overruling its plea of privilege to have the cause transferred to Dallas county.

There were only two witnesses who testified on the hearing. Plaintiff testified to facts showing that while he was driving north on the public highway in McLennan county, north of the city of Waco, an automobile traveling in the opposite direction was negligently caused to collide with his automobile, and, as a result, he was injured. He did not undertake to describe the car that collided with him, nor to give any evidence as to whom it belonged, or by whom it was being driven at the time of the collision. W. P. Schutza, the only other witness, testified that he operated a garage at Elm Mott, a short distance from the city of Waco; that a damaged automobile was brought into his garage on the night of the collision, and that on the following day, two men, who represented themselves as agents of "Nichols Bros.," came to his garage and took possession of the damaged automobile. No other material evidence was introduced.

Of course, the unsworn declarations of the two men who took possession of the damaged automobile, to the effect that they were agents of "Nichols Bros.," were hearsay and inadmissible. 2 Tex.Jur. 523. But if we assume that such evidence was admissible, and that by "Nichols Bros.," was meant the defendant, we are left without any evidence to show that the damaged automobile, which was carried to Schutza's garage on the occasion in question and later delivered to these agents of "Nichols Bros.," was the automobile that collided with plaintiff's car, and without any other evidence to show that the driver of the automobile that caused the damage was an agent of the defendant or otherwise so connected with the defendant as to make the defendant responsible for his conduct. The plaintiff wholly failed to prove that the trespass complained of by him was committed by the defendant or its agent. This was essential to his right to retain venue in McLennan county. Waco Cotton Oil Mill v. Walker, Tex.Civ.App., 103 S.W.2d 1071; Compton v. Elliott, Tex.Civ.App., 55 S.W.2d 247; Id., 126 Tex. 232, 88 S.W.2d 91; Jones v. Womack-Henning & Rollins, Inc., Tex.Civ.App., 53 S.W.2d 635; Conner v. Manning, Tex.Civ.App., 54 S.W.2d 249; Harrison v. Amador, Tex.Civ.App., 9 S.W.2d 279.

The judgment of the trial court is reversed and the cause is remanded for a new trial.